SPILLANE *by Guardian* v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

Division Two, October 10, 1892.

1. **Civil Practice**: INFANT: GUARDIAN: PARTY. Where a father sues as guardian of his infant child for personal injuries to the latter, he should first be required to give bond as required by law. (Revised Statutes, 1889, sec. 5279.)

2. ——: PLEADING: PETITION. The fact that the bond was given is an essential averment of the petition.

3. ——: ——: DEMURRER. The objection that such averment was not made in the petition is properly made by demurrer, and not by answer.

4. ——: ——: WAIVER. Where it was so raised by demurrer, and was overruled, the defendant must stand on his demurrer, otherwise he will be deemed to have waived the defect.

5. **Negligence**: INJURY TO BOY AT RAILROAD CROSSING: QUESTION FOR JURY. It is a question for a jury to determine whether a boy who was injured at a railroad crossing exercised that degree of care which could reasonably be expected from him considering his age, capacity and experience.

6. **Civil Practice**. INSTRUCTIONS: HARMLESS ERROR. All the instructions given in a case should be read and construed together, and, if when so considered, they are harmonious, consistent and not calculated to mislead, the judgment will not be reversed merely because any one or more of the series taken separately do not embrace all the issues.

7. ————: CONTRADICTORY INSTRUCTIONS: REVERSIBLE ERROR. It is, however, reversible error for the court to give contradictory or con-- flicting instructions.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Elijah Robinson* for appellant.

(1) The father, as natural guardian, could not maintain this suit. Revised Statutes, 1889, sec. 5279; *McCarty v. Rountree*, 19 Mo. 345; *Morris v. Railroad*, 58 Mo. 78; *Sherwood v. Neal*, 41 Mo. App. 416. (2) The court should have directed a verdict for defendant. Dennis Spillane, if on the track where he received his injury, did not exercise that degree of care which was incumbent on one of his years and intelligence. *Tucker v.Railroad*, 124 N. Y. 308. (3) The plaintiff's instruction, numbered 2, was erroneous, and should not have been given. The court could not, under the facts of this case, tell the jury that going on the railroad track at the time and place of the accident was not such contributory negligence as would prevent a recovery. *Wilmott v. Railroad*, 106 Mo. 535. (4) Plaintiff's instruction, numbered 3, should not have been given. The evidence showed clearly that Dennis Spillane was not, at the time of the accident, exercising such care as might be expected of one of his age and capacity. *Tucker v. Railroad*, 124 N. Y. 308. Said instruction did not fairly submit to the jury the question as to whether the boy was exercising that care which would reasonably have been expected of one of his age, intelligence and experience. *Williams v. Railroad*, 96 Mo. 275; *Eswin v. Railroad*, 96 Mo. 290. (5) Plaintiff's instruction, numbered 4, was erroneous.

It ignored altogether the question of negligence on defendant's part, and directed the jury to find for plaintiff if he was not guilty of contributory negligence. (6) The court erred in refusing defendant's instruction, numbered 3. If the boy had tied himself to the ice and left the ice on the track, or on the opposite side of the track, then there is no evidence, whatever, tending to show any connection between the rate of speed and the accident, and there was no testimony whatever tending to show any other negligence than the rate of speed. (7) The damages assessed were so excessive as to show that the verdict was the result of passion or prejudice. *Sawyer v. Railroad*, 37 Mo. 240; *Adams v. Railroad*, 100 Mo. 555; *Gurley v. Railroad*, 104 Mo. 211; *Collins v. Council Bluffs*, 35 Iowa, 432; *Rose v. Railroad*, 39 Iowa, 256; *Potter v. Railroad*, 22 Wis. 586.

*Fyke & Hamilton* for respondent

(1) Plaintiff properly brought suit by his father as natural guardian. Revised Statutes, 1889, secs. 1997, 2004, 5279, 5298. The claim in this case prior to reduction to judgment cannot be deemed property or estate. *Perry v. Railroad*, 29 Kan. 420. After verdict was rendered for plaintiff, the court made an order fixing the amount of bond to be given by the guardian, which was the proper practice. *Temple v. Price*, 24 Mo. 288; *Jones v. Steele*, 36 Mo. 324; *Higgins v. Railroad*, 36 Mo. 418, 431. (2) The defect as to want of plaintiff's capacity to sue appeared on the face of the petition and by answering over the objection was waived. *State v. Sappington*, 68 Mo. 454; *Ware v. Johnson*, 55 Mo. 500; *Bulkley v. Co.*, 77 Mo. 105; *Fuggle v. Hobbs*, 42 Mo. 537; *Scovill v. Glasner*, 79 Mo. 449; *Pickering v. Co.*, 47 Mo. 457; *Rogers v. Tucker*,

94 Mo. 346; *St. Louis v. Anthony*, 73 Mo. 431. (3) The court did not err in refusing to direct a verdict for defendant. The evidence fairly showed that the train was running at about twenty-five miles an hour, in violation of the ordinance of the city. The bell was not being rung, nor was the whistle sounded. The watchman, if at his post of duty at all, was derelict in his duty. The evidence makes a case of gross negligence on the part of defendant. Violation of an ordinance is negligence *per se*. *Keim v. Railroad*, 90 Mo. 314; *Eswin v. Railroad*, 96 Mo. 290; *Karle v. Railroad*, 55 Mo. 476; *Maher v. Railroad*, 64 Mo. 267; *Bergman v. Railroad*, 88 Mo. 678; *Railroad v. Schuster*, 35 Am. & Eng. R. R. Cases (Ky.) 407; *Roberts v. Railroad*, 2 S. E. Rep. (Va.) 518. (4) Plaintiff's instruction, numbered 2, is not erroneous. The plaintiff was not a trespasser, but was on a public thoroughfare where he had a right to be. *Eswin v. Railroad*, 96 Mo. 290, 297; *Johnson v. Railroad*, 49 Wis. 529. (5) A person is not bound, under all circumstances, to stop and look and listen before crossing railroad tracks in a street. *McGowen v. Railroad*, 67 N. Y. 417; *Railroad v. Snider*, 18 Ohio St. 399; *Nagle v. Railroad*, 88 Pa. St. 35; *Railroad v. Hutchinson*, 120 Ill. 587; *Plummer v. Railroad*, 73 Me. 591; *Cooper v. Railroad*, 33 N. W. Rep. 306; *Cahill v. Railroad*, 18 S. W. Rep. 2. (6) The boy, at the time of the accident, was only eight years old; the same degree of care was not required of him as would have been required of an adult under similar circumstances. He was required to exercise that care and caution only which might be expected of one of his age and capacity. *Eswin v. Railroad*, 96 Mo. 290; *Boland v. Railroad*, 36 Mo. 484; *Koons v. Railroad*, 65 Mo. 592; *Railroad v. Stout*, 17 Wall. 657; *Johnson v. Railroad*, 8 Am. & Eng. R. R. Cases, 471. (7) Whether or not Dennis Spillane was exercising such

care as might be expected of one of his age and capacity at the time of the accident, was a question of fact for the jury. *Nagle v. Railroad*, 75 Mo. 653; *Tyler v. Railroad*, 137 Mass. 238; *Copeley v. Railroad*, 136 Mass. 6; *Houston v. Railroad*, 34 Am. & Eng. R. R. Cases, 63; *Lovett v. Railroad*, 91 Mass. 557; *Railroad v. Fitzsimmons*, 22 Kan. 477; *Barry v. Railroad*, 92 N. Y. 289. (8) The damages are not excessive. *Railroad v. Dorsey*, 25 Am. & Eng. R. R. Cases, 446; *Railroad v. Greenlee*, 62 Tex. 344; *Railroad v. Jones*, 41 Am. & Eng. R. R. Cases, 363; *Railroad v. Young*, 19 Kan. 493; *Henry v. Railroad*, 75 Iowa, 84; *Ridenour v. Railroad*, 13 S. W. Rep. 889. Unless it clearly appears that the verdict is the result of prejudice, passion or corruption, it will not be interfered with. *Goetz v. Ambs*, 27 Mo. 28; *Bank v. York*, 89 Mo. 369.

MACFARLANE, J.—Plaintiff, an infant eight years of age, prosecutes this suit by his father and natural guardian to recover damages for personal injuries sustained by having been struck by a train on the defendant's road in Kansas City, by reason of the alleged negligence of the defendant's employes in charge thereof.

The negligence charged in the petition, and upon which the case was submitted to the jury was that the train was negligently run at a rate of speed in excess of six miles per hour, in violation of an ordinance of the city. Defendant demurred to the petition upon the ground, among others, that it did not appear that the father of plaintiff had given bond as guardian. The demurrer was overruled, and defendant answered over. The answer was a general denial of negligence, and pleas of contributory negligence of the plaintiff himself and of his parents. The answer also charged that the plaintiff had not the capacity to sue, and that his

father and natural guardian had not given bond and qualified as guardian.

·The trial disclosed the following undisputed facts: An ordinance of the city of Kansas City prohibited the movement of trains within the city limits at a greater rate of speed than six miles per hour. The defendant operated a railroad having four tracks along Front street, east and west, where the same is crossed by Grand avenue. The plaintiff lived with his parents on Grand avenue, about one ·block south of the railroad. He was a boy of .ordinary intelligence, was attending school, had been engaged in selling papers and was familiar with the railroad tracks at Grand avenue.

Trains passed over the tracks across Grand avenue frequently during the day. Front street, along which the railroad tracks were laid, was covered with plank, and was used by wagons and pedestrians as a highway. The tracks west of Grand avenue were straight, and the view unobstructed for six hundred feet. On the occasion of the accident plaintiff's mother had sent him to an icehouse, situate north of the railroad and east of Grand avenue, to get some ice. He took a rope with him, went to the icehouse, procured a large lump of ice, tied the rope to it and proceeded in the way usually traveled diagonally across Front street and the railroad tracks southwesterly towards Grand avenue dragging the ice after him. He was struck by a freight train running from the west on the south track and was injured.

The evidence of plaintiff tended to prove that the train was running twenty miles per hour, and that a wagon crossing the track obstructed the view so that plaintiff could not see the approaching train.

The evidence of defendant tended to prove that the train was not running to exceed five miles per hour; that the plaintiff was not on the track as the

train approached, and that the boy was on one side the track and the ice the other, and the rope was caught by the train, and by that means plaintiff was pulled under it. Plaintiff admitted on cross-examination that he did not look or listen for a train before going on the track. He claimed that he did not see the train before it struck him, and did not know by what part he was struck.

The verdict and judgment were for plaintiff, and defendant appealed.

I. The first assignment of error upon which the plaintiff relies for a reversal is that the suit could not be maintained in the name of the father of plaintiff as his natural guardian, unless he had first qualified as such by giving bond.

The statute provides that "suits by infants may be commenced and prosecuted" by the guardian or curator (sec. 1998), and that the father shall be the natural guardian and curator of his children, and have the care and custody of their estates; "and, when such estate is not derived from the parent acting as guardian and curator, such parent shall give security, and account as other guardians and curators." Sec. 5279.

The petition states that the plaintiff is an infant of tender years, and that Timothy Spillane, by whom he sues, is his father and natural guardian.

If giving a bond was necessary to invest the father with authority to maintain the suit for his minor child, then the fact that the necessary bond had been given became material, and should have been stated in the petition. *Higgins v. Railroad*, 36 Mo. 431. No such averment was made, and for that reason the incapacity of plaintiff to sue appeared upon the face of the petition, and the objection was properly made by demur-

rer, and not by answer. Revised Statutes, secs. 2043, 2047.

If the defendant desired to take advantage of the defect in the petition, if one existed, he should have stood upon the demurrer. "When, therefore, the demurrer was overruled and defendant answered, it waived and abandoned whatever vantage ground it may have acquired by demurring." *State to use v. Sappington*, 68 Mo. 457; *Higgins v. Railroad, supra.*

It may be said that before the natural guardian obtains possession or control of the money recovered he should be required to give bond as provided by law. *McCarty v. Rountree*, 19 Mo. 345; *Higgins v. Railroad, supra.*

II.    It is next insisted that the court should have directed a verdict for defendant upon all the evidence, for the reason that it appears undisputed therefrom that plaintiff did not exercise that degree of care which was incumbent on one of his years and intelligence. This contention is based upon the testimony of the plaintiff that he went upon the track without looking to see if there was danger from trains.

No arbitrary rule can be established fixing the age at which a child, without legal capacity for other purposes, may be declared wholly capable or incapable of understanding and avoiding the dangers to be encountered upon railway tracks. It is a question of capacity in each case. Plaintiff was a boy of ordinary intelligence, eight years of age; had lived within a block of the railroad for some time; had sold papers on the streets and was then attending the public school. He was certainly capable of taking some care of himself under ordinary circumstances, but could not be declared *sui juris* as a matter of law. The law only required of him in crossing the railroad the exercise of that degree of care, which, under like circumstances, could

reasonably have been expected of a boy of his years, capacity and experience, and whether he used such care was a question for the jury. *Eswin v. Railroad*, 96 Mo. 292; Beach on Contributory Negligence, sec. 117; *Stone v. Railroad*, 115 N. Y. 104.

III. Defendant objects to instruction 4, given at request of plaintiff, for the reason as contended, that it assumes the negligence of defendant, and authorizes a recovery on the sole ground that neither plaintiff nor his parents were guilty of contributory negligence. The instruction tells the jury that, if they find from the evidence "that, at the time of the accident, plaintiff was using such care and caution as might be expected from one of his age and capacity, he is entitled to recover; provided you also find out that his injuries were not brought about, in whole or in part, by his own negligence, or the negligence of his parents, or either of them, which directly contributed thereto."

It is manifest that the instruction taken alone does not require, as a condition to recovery by plaintiff, that the jury should have found that the injury was caused by the negligence of defendant.

IV. It is also insisted that instruction 2 virtually tells the jury, as a matter of law, that neither defendant nor his parents were guilty of contributory negligence. The part of the instruction complained of is as follows: "And if you find from the evidence that defendant's railroad tracks were on Front street, and that persons were in the habit of frequently passing along and over defendant's railroad at the place of the accident, and that defendant had knowlege that persons did so pass, plaintiff had the right to go, and his parents had a right to send him, or permit him to go, along or across said street at such place, and the act of plaintiff in going, or the act of his parents in sending or permitting him to go, along or across said

street at said place, does not constitute such contributory negligence as will prevent a recovery in this action."

The court doubtless intended to inform the jury that plaintiff had the right to go upon the track, where it was laid along a public street, and where it was traveled by the public, and was not a trespasser in doing so. But when the jury is told that the act of plaintiff in going "along or across said street at said place does not constitute such contributory negligence as will prevent a recovery in this action," the jurors must have understood that there was no contributory negligence in the case if plaintiff was struck on a public traveled street where he had a right to go. Indeed, the language of the instruction admits of no other construction.

The instruction as given can only be justified on the theory that plaintiff, on account of his age and want of knowledge, discretion and experience, was, as a matter of law, wholly incapable of contributory negligence. This we can no more declare than we can say, as a matter of law, that he should have been charged with such contributory negligence in going upon the railroad track, without looking, as should have prevented a recovery. The question of capacity in each case was for the jury. *Eswin v. Railroad, supra; Williams v. Railroad*, 96 Mo. 275; *Dlauhi v. Railroad*, 105 Mo. 645; *McCarthy v. Railroad*, 92 Mo. 536.

Both instructions 2 and 4, taken alone, are not only misleading, but do not properly declare the law in the abstract as applicable to the facts and circumstances in evidence.

V. All instructions given in a case should be taken and read together, and, if being so read they are harmonious, consistent and not calculated to mislead, a judgment should not be reversed simply because any one or more of the series standing alone do not embrace

all the issues.  *Karle v. Railroad,* 55 Mo. 476;  *Whalen v. Railroad,* 60 Mo. 323.

On the other hand, it is reversible error to give contradictory or conflicting instructions.  The jury is as likely to follow one as the other of the two.  *Stevenson v. Hancock,* 72 Mo. 612;  *Price v. Railroad,* 77 Mo. 509;  *Henschen v. O'Bannon,* 56 Mo. 289;  *Willmott v. Railroad,* 106 Mo. 535;  *Bank v. Hatch,* 98 Mo. 377.

At the request of defendant the court gave the jury thirteen instructions.  These covered every conceivable phase of the defense; indeed, they went beyond what defendant had a right to demand.  Still we cannot say that the defects and omissions of instructions 2 and 4 were supplied and cured thereby.  Instruction 8 may be used as an example.  It told the jury that the law imposed upon plaintiff the duty to look and listen before attempting to cross the track of defendant, and if he "could have seen or heard the train approaching had he looked or listened at any time, before attempting to cross the track, in time to have avoided the injury, and failed to do so," then he could not recover.  It is perfectly clear that this instruction does not supply omissions of instructions 2 and 4, but directly contradicts them, and each authorizes a verdict upon the facts therein hypothetically stated without reference to what is required to be found under the other.  Instruction 8 imposes upon plaintiff the caution of looking and listening; instruction 4 only exacts of him such care as might have been expected of one of his age, etc., and instruction 2 declares, in effect, that he was not guilty of contributory negligence in crossing the street.  The jury was left to choose among them.  They were irreconcilable, and only one could be followed.

As has been seen, plaintiff was only required to exercise such care and caution as might reasonably have been expected of one of his age, intelligence, experience and discretion, and it was reversible error to instruct the jury that in going upon the track he was not guilty of contributory negligence, and this error was not cured by improperly telling them in another instruction that, unless he looked and listened for a train before going upon the track, he was guilty of contributory negligence.

Judgment reversed and cause remanded. All concur.