## JAMES L. PATTERSON, Appellant, v. N. B. PATTERSON.

### Division One, December 22, 1906.

1. **FINDING OF FACTS: Copied in Decree or Judgment.** The statute does not contemplate that a written finding of facts is to be copied into the decree or judgment, and incorporating it therein adds nothing to it beyond what such a course gave it according to ancient chancery practice.

2. ———— **Appeal: No Bill of Exceptions.** Where the evidence was not preserved in a bill of exceptions, an appellant cannot ask the appellate court to reverse the judgment in an equity case on the ground that upon the finding of facts, which was incorporated in the judgment, the judgment should have been for him. The appellate court is not bound by the chancellor's finding of facts, and unless all the evidence is set out in the bill, the case will be disposed of upon the record proper, which does not include the finding of facts.

3. ——: ——: ——: **Agreed Statement.** Whatever expressions may be found in former decisions that may be interpreted to mean that a finding of facts in an equity case, whether incorporated in the judgment or not, is binding on the appellate court and is to be taken as an agreed statement, were not so intended, unless such finding was in fact agreed upon and as such was incorporated in the record as a part thereof.

4. ——: **No Evidence.** In the absence of the evidence in an equity case, the presumption on appeal is in favor of the correctness of the judgment.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*Rechow & Pufahl* for appellant.

(1) The court erred in rendering judgment for defendant upon the finding of facts as incorporated in the judgment. Upon the facts as found, the judgment should have been for plaintiff. (2) When the finding of facts is incorporated in the judgment, then it becomes a part of the judgment, and if the conclusion of law is not warranted by the facts thus found this court will reverse and enter up the proper judgment, or reverse and remand the case. Blount v. Spratt, 113 Mo. 48; Land Co. v. Bretz, 125 Mo. 422; Fitzpatrick v. Weber, 168 Mo. 572; Shaffer v. Detie, 191 Mo. 388; Leavitt v. Taylor, 163 Mo. 170; Hill v. Combs, 92 Mo. App. 251.

*C. H. Skinker* and *Delaney & Delaney* for respondent.

The finding of facts by the trial court, particularly where such findings are excepted to as in this case, cannot be substituted for the evidence. State ex rel. v. Jarrott, 183 Mo. 204; Fitzpatrick v. Weber, 168 Mo. 573; Hoeller v. Haffner, 155 Mo. 589; Sevon v. Stev-

ens, 143 Mo. 384; Rumsey Mfg. Co. v. Kaime, 173 Mo. 551; Soderberg v. Pierce, 33 Mo. App. 60; Harris Banking Co. v. Miller, 190 Mo. 640. Therefore as plaintiff has failed to embody the evidence in his bill of exceptions, there is nothing left for the court to review, and the appeal should be dismissed.

VALLIANT, J.—This is a suit in equity to compel defendant to re-convey to plaintiff certain land in Polk county, which it is alleged was conveyed by plaintiff to defendant in 1898 under the express agreement that it should be reconveyed to plaintiff on demand after his return from a then contemplated journey to Alaska, that the conveyance from plaintiff to defendant was without other consideration than the agreement to re-convey. The answer of defendant admits the conveyance to him, denies the alleged agreement to re-convey, pleads the Statute of Frauds, and pleads also that the conveyance was made by plaintiff to defraud his creditors.

The trial resulted in a judgment for defendant and the plaintiff appealed.

In the record of the judgment before us we read: "This cause is submitted to the court for hearing and the court proceeds to hear the evidence and being sufficiently advised in the premises, the court finds the issues in favor of the defendant and dismisses plaintiff's bill upon the following finding of facts on motion of plaintiff heretofore filed for the finding of facts in this cause which finding is in the following words, to-wit:" then follows what seems to be a review of the evidence covering not only the particular transaction specified in the pleadings, but also other business transactions between the plaintiff and defendant, who are brothers, and business transactions between plaintiff and other members of his family, and the court's conclusions from the evidence.

200 Sup.—22

The pith of those conclusions is as follows:

In 1897 the plaintiff and defendant owned the land in question in the proportion of three-fifths to the plaintiff and two-fifths to defendant; they were also engaged in a mercantile business as partners on or near the premises. At that time the plaintiff was living in the State of California; the defendant was living in Polk county, Missouri, in sole possession of the land and alone managing the mercantile business. In October, 1897, the defendant, at the instance of the plaintiff, prepared a deed to be executed by plaintiff conveying to defendant the plaintiff's three-fifths interest in the land and also a bill of sale of plaintiff's interest in the mercantile business and sent the same to plaintiff in California to be executed. This deed and bill of sale were executed by the plaintiff (that is, signed and acknowledged) but not returned to defendant or delivered, but were carried by plaintiff to Alaska and retained by him there until June, 1901, when he sent them to defendant by mail, with direction to place them on record, which was done. The chancellor drew the conclusion from the evidence that those documents were not intended by the parties to convey the title to defendant for his own use, but to be held in trust for the plaintiff and reconveyed to him at his request, and also that the motive was to place the property in a position where it would be subject to the partnership debts of plaintiff and defendant, incurred in their mercantile business, in preference to certain individual debts which the plaintiff had incurred; that defendant had all the while until just before the filing of this suit recognized the plaintiff's right to the property, but that he had incumbered it largely for indebtedness incurred by the partnership or by himself individually, the evidence is not clear as to which.

The plaintiff's bill of exceptions contains the request of the plaintiff for a finding of the facts and a statement that the facts found are incorporated in

the judgment and hence no necessity to repeat them; it contains also a motion for a new trial founded alone on the proposition that on the facts found the judgment should have been for the plaintiff. There is no evidence contained in the bill of exceptions.

The only assignment of error is that on the findings the judgment should have been for the plaintiff.

Respondent asserts that the evidence in the case did not justify the findings, and that as it is an equity case the findings are not binding on this court, and that this court should not reverse a judgment in respondent's favor without forming its own opinion of the facts founded on the evidence.

This is a case in which it is important not only to know on which side is the preponderance of the evidence, but also to know the character of the evidence. The plaintiff pleads a case of express trust which can be proven only by written evidence signed by the party sought to be charged. What the character of the evidence adduced was we do not know. In the petition it is said: "That said agreements and understanding was evidenced by correspondence between the plaintiff and defendant." By this we understand, since the parties lived in different States, that the business was transacted by letter correspondence by mail. The court in its findings alludes to letters that passed between the parties, concerning which the court says: "The court finds that the most material letters in this case on both sides are missing, and it is very hard to ascertain the true facts, and while these facts (meaning those found) are not in exact accordance with the testimony of either and are contradictory somewhat of the testimony of both, they are between the lines of the testimony in the case, and I think the true state of facts."

The first serious question for our consideration is, shall we examine the judgment in this case in the light

alone of the so-called findings and reverse it if we should be of the opinion that the facts so found do not justify it?

It is in accordance with the ancient practice in equity courts for the court to make special findings of the facts in issue and recite the same in its decree and this is still frequent and good practice under our code of civil procedure, although special findings are not, under our code, even in equity cases, absolutely required. Section 695, Revised Statutes 1899, which makes it the duty of the court on the timely request of either party to state in writing its "conclusions of fact found separately from the conclusions of law," does not alter or affect in any manner the ancient practice above mentioned of expressing in the decree the facts found. It is not contemplated by that section that "the conclusions of fact" there called for shall be incorporated in the judgment or decree. The statute says they shall be stated in writing, but that does not mean embodied in the judgment. The findings called for by that statute get all their legal force, whatever that may be, when the requirement prescribed by the statute is complied with, that is, when the court states the conclusions in writing separate from the conclusions of law; incorporating them in the judgment or decree adds nothing to them as products of the statute. And on the other hand the·findings of the facts by the chancellor, not as in obedience to the ·statute, but as in conformity to the ancient chancery practice, and incorporating the facts so found in the decree, gives them a character for which they are in no sense indebted to the statute.

The statute is satisfied and its purpose is fully accomplished when the court reduces to writing the facts it finds and causes the paper to be filed; the copying of them in the decree is not called for by the statute, and it adds nothing to them as a statutory require-

ment, but whatever force, if any, the findings of facts may have by being recited in the decree they have by force of the original chancery practice independent of the statute.

In the case before us the clerk has taken the useless labor to copy in the decree the court's review of the evidence and conclusions thereupon, from which it appears that the court finds in the main the issues for the plaintiff and renders judgment for the defendant. Now the plaintiff asks this court to reverse the judgment because under the facts found the judgment was for the wrong party. This court has authority not only to reverse a judgment of the circuit court which it deems to be erroneous, but in a proper case to enter here the judgment that the trial court should have entered. [Sec. 866, R. S. 1899.] Therefore, if we should now say that the judgment before us must be reversed because it is erroneous on the facts found, it would be our duty to enter here the judgment that the trial court ought to have entered in conformity to those facts, and respondent would be shut out forever, although if we had the evidence on which the chancellor based his findings, we might find the facts contrary to his findings, and affirm the judgment as being for the right party. If that practice were adopted it would give the appellant in a case like this a great advantage and would destroy the authority of the appellate court to review the findings of facts in an equity case. Rule 7 of this court requires the appellant in an equity case to embody all the evidence in his bill of exceptions. Suppose the appellant in this case had complied with that rule and had brought up all the evidence; is there any doubt but that we would have examined the evidence to see if it justified the findings of the chancellor? Then is it possible that appellant by disregarding the rule can obtain such a great advantage as he now claims?

The circumstances of this case illustrate the wisdom of our rule. The plaintiff 'seeks to have the defendant declared a trustee of an express trust; he says the land was conveyed to the defendant with the positive agreement that it was to be re-conveyed to him on his return and demand; the defendant denies the alleged agreement and invoked the Statute of Frauds. Such an agreement could be proven only by evidence in writing signed by the defendant. We gather from the general discussion of the evidence in the court's finding that there were letters in evidence that passed between the parties and also some oral testimony, all of which may have been incompetent and received over the defendant's objections, but in the condition of the record before us we cannot judge of that phase of the case.

Among the recitals in the decree as of the findings of facts is this: "The court finds that the most material letters in this case on both sides are missing, and it is very hard to ascertain the true facts, and whilst these facts (by which we understand the court to mean the main fact found) are not in accordance with the testimony of either and are contradictory somewhat of the testimony of both, they are between the lines of the testimony in this case, and I think the true state of facts." It is on that kind of finding that the plaintiff asks us to reverse this judgment.

It is suggested that if defendant was dissatisfied with the findings of facts he could have excepted and filed his bill of exceptions embodying therein the evidence. That suggestion would impose on the defendant in whose favor the judgment was rendered the burden that the law imposes on the plaintiff who is the appellant. But the defendant could not bring the evidence here, even if he were willing to bear the burden, because the judgment was wholly in his favor and he cannot appeal from it. If he had filed a bill of ex-

ceptions it would have lain in the circuit court and could never have been brought to us. A party can bring up his bill of exceptions only when he takes an appeal or sues out a writ of error. It sometimes happens that a judgment or decree is partly in favor of one and partly in favor of the other, in which event there may be cross appeals, both may appeal, each party complaining of the judgment in so far as it was against him, but when the judgment is altogether in his favor he cannot appeal.

Our rule 7 contemplates a case in which this court is asked to review the proceedings that occurred during the trial in an equity case. A party in an equity case may if he sees fit appeal from the judgment or decree without a bill of exceptions, he may stand on the record proper, but in that event he can only assail the judgment on the ground that it is not supported by the pleadings, he cannot ask a reversal of the judgment on the ground that it is not justified by the findings of facts. Rule 7 prescribes what shall be embodied in the bill of exceptions, it does not affect a case that is brought here on appeal based alone on the record proper. But in the case now in hand the appellant does not claim that on the face of the pleadings the judgment is erroneous; his claim is that on the findings of facts it is erroneous, and he contends that for the purposes of this appeal we are to take those findings as incontestably true. The plaintiff is wrong in that contention. Whilst there are expressions in the opinions in some cases heretofore decided by this court that seem to say that the findings of facts by the court are to be treated as an agreed statement or a special verdict, yet when it was a material question in the case we have never held otherwise than that in an equity case we are not bound by the chancellor's findings of facts, but that it was our duty to examine the evidence and find the facts for ourselves. Whatever expressions there

may be, therefore, in former decisions that may be interpreted to mean that the findings of facts in an equity case were binding on us were never so intended.

Blount v. Spratt, 113 Mo. 48, was an equity case and came to this court with only the pleadings, the finding of the facts and the judgment. In the course of the opinion it was said: "The findings stand as a special verdict or an agreed case; and, unless the conclusions of law, upon the facts found, were correctly pronounced, the judgment must be reversed. [Rannells v. Isgrigg, 99 Mo. 28; Munford v. Wilson, 15 Mo. 540; Gage v. Gates, 62 Mo. 414; Sutter v. Streit, 21 Mo. 159.]" It was not necessary to the decision in that case that the court should decide what effect should be given to the findings of facts and what was there said was doubtless called out by the argument of counsel for respondent who was insisting that his motion to dismiss the appeal should be sustained because the bill of exceptions did not contain the evidence. But the material fact on which the decision in that case turned was found in the plaintiff's favor and the judgment was in his favor and the defendant who was the appellant was insisting that on that fact, without disputing it, without questioning its correctness the judgment was wrong. If the essential fact on which the plaintiff relied was found in his favor and the defendant saw fit to bring the case here on the fact as found in favor of his adversary, without challenging its correctness, how could the plaintiff object? What force would there be in the plaintiff's objection that the defendant had failed to bring up the evidence? Besides, the result must have been the same even if the defendant had brought the case here on the pleadings and judgment alone without the facts found by the court. The plaintiff in that case had brought suit to set aside a deed of trust on the ground that she was insane at the time she executed the deed. The petition stated

that in April, 1888, the plaintiff, then a married woman and owning the land, joined her husband in executing the deed; that she was then incapable of making a deed because she was insane, and that afterwards in December, 1888, she was declared insane by proceedings in the probate court and a guardian was then appointed for her. That was the sole ground on which she asked to have the deed cancelled and the trial court found that that was the fact and declared the law to be that she "was on account thereof incapable and incompetent to make a contract or deed." The defendant appealed from that judgment, taking the position before this court that that fact, admitting it to be true, did not entitle the plaintiff to a cancellation of the deed and this court sustained the defendant in that position and reversed the judgment. The cases cited in the opinion in that case as supporting the proposition that the findings of facts are to be taken as a special verdict, are cases in each of which there was an agreed statement of facts, except one case, and that one was an action at law.

Land Company v. Bretz, 125 Mo. 418, was a suit in equity to compel a specific performance. There was no bill of exceptions in the record. The cause came to this court on writ of error and was presented for judgment on what purported to be the record proper, in which record was contained the finding of facts; the findings were for the plaintiff, but the judgment was for the defendant. The peculiar feature of that case, as it bears on the point now under discussion, is that the finding of facts was by agreement of the parties and whilst it was not what might strictly be called an agreed statement of facts yet it was presented to this court as if the parties had agreed to the facts and agreed that they should be entered on the record of the court; which was done. The point was made in the

brief for defendant in error in that case that findings of fact were not part of the record unless made so by a bill of exceptions, but this court treated those findings as having been entered of record by agreement. Defendant in error did not question the correctness of the findings or complain that the plaintiff in error had not brought up the evidence.

In Leavitt v. Taylor, 163 Mo. 158, at the request of the plaintiff the trial court made a finding of facts, which finding was in favor of defendant, rendered judgment in defendant's favor, and the plaintiff appealed. The court held that as plaintiff did not except to the finding of the trial court he was concluded by it.

In Fitzpatrick v. Weber, 168 Mo. 562, it was expressly held that in an equity case this court was not bound by the finding of facts by the chancellor. And in Shaffer v. Detie, 191 Mo. l. c. 387, LAMM, J., speaking for the court, said: "However, the point in hand [the finding of the facts by the chancellor] is in no wise decisive or controlling, because this is an equity case, as will presently be seen, and it has been held that section 695, supra, relating to special finding of facts by the trial court and on request, 'was not intended to have and did not have any effect on the power or duty of this court in equity cases.' '' Citing Fitzpatrick v. Weber, supra.

In State ex rel. v. Jarrott, 183 Mo. 204, it was sought to compel a circuit judge by mandamus to sign a bill of exceptions in an equity case which contained none of the evidence, but only the pleadings, the findings and the decree. It was insisted by the relator that he had the right to bring his cause to this court for review on the findings of the chancellor and the judgment, and to have the judgment reversed if it was not right on the facts found. But this court denied the writ, and, per GANTT, J., said: "The opposite party has obtained rights by this decree. He has a right to have the whole

evidence upon which his decree is based before this court before it is reversed. He may be able from that evidence to show that the circuit court's findings were erroneous, and the decree right notwithstanding.''

That is the doctrine of this court and although, as we have seen, there are some *dicta* in some of our former cases, that may seem to sustain the appellant's contention in this case, yet when those cases are sifted down to the points really decided it will be found that this court has never decided a case contrary to the law as laid down in the Jarrott case just quoted.

Since the appellant has not brought up for our examination the evidence that was adduced at the trial he is not entitled to have the judgment reversed, even if we should be of the opinion that it is not a correct legal result of the facts found. In the absence of the evidence the presumption is in favor of the correctness of the judgment.

The judgment is affirmed. All concur.