WILLIAM B. THOMPSON and FORD W. THOMPSON, a Co-partnership, doing business under the firm name W. B. & FORD W. THOMPSON, Respondents, v. E. G. STEARNS, HENRY C. GARNER, TRUSTEE and W. F. RATH, Defendants, E. G. STEARNS, Appellant.

St. Louis Court of Appeals. Opinion Filed November 8, 1921.

1. **PLEADING: Demurrer: Waived by Pleading Over: Rule Stated.** Where defendant did not stand upon his demurrer, but answered over, the appellate court must treat the petition, when its sufficiency is challenged, as if no demurrer had been filed, and, under such circumstances, the only objections to the petition which may be considered on appeal are that it states no cause of action or that the court had no jurisdiction of the subject-matter.

2. ———: ———: ———: Petition: Sufficiency After Judgment: Rule Stated. A petition will be regarded sufficient after judgment if, after allowing all reasonable implications and intendments in its favor, there appears to be a sufficient statement to apprise the defendant with reasonable certainty of the character of the action and the issues he must meet.

3. CONTRACTS: Breach of Contract: Pleading: Evidence: Must Allege and Prove Performance or Excuse for Non-performance. A party suing for breach of contract must allege and prove performance of all conditions precedent, or he must allege and prove excuse for their nonperformance.

4. ATTORNEY AND CLIENT: Contract for Compensation: Prevention of Performance by Client: Recovery. Where attorneys were prevented by their client, without fault on their part, from completing their employment, they would be entitled to recover as if the contract had been fully performed.

5. ———: ———: ———: Pleading: Petition: Sufficiency After Verdict. In an action seeking to collect an attorneys' fee under a contract with a stockholder covering services rendered and to be rendered affecting the interests of such stockholder in a corporation's property, etc., allegations in the petition that the client filed an injunction suit to prevent the sale of the corporate property, and that after he had lost his injunction suit, and the property was again advertised for sale, he again prevented the sale by entering into an agreement with other stockholders by the terms of which a private sale was perfected, *held* after verdict, a sufficient allegation showing excuse for plaintiffs' nonperformance of the contract.

6. APPELLATE PRACTICE: No Bill of Exceptions: Presumptions. Where there is no bill of exceptions showing any evidence adduced at the trial, and the pleadings support the judgment, the presumption is in favor of the correctness of the judgment.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Charles B. Davis*, Judge.

AFFIRMED.

*John A. Blevins* for apellant.

(1) The petition does not state a cause of action. There is no allegation in the petition that plaintiffs

performed their part of the contract sued on. 31 Cyc., page 107; 9 Cyc., page 719; Bayse v. Ambrose, 32 Mo. 484; Beckman v. Ins. Co., 49 Mo. App. 604. (2) The demurrer to the petition should have been sustained. (3) The court erred in overruling defendant's motions to make the petition more definite and certain. Sec. 1815, R. S. 1909; Davis v. Railroad, 126 Mo. 78. (4) It was the duty of the plaintiffs to allege and prove that the contract was fully performed by them and that it was reasonable and just that the amount demanded was the reasonable value of the services rendered. In the absence of such allegations in the petition and proof to correspond therewith plaintiffs cannot recover. 4 Cyc. 960; White v. Tolliver, 110 Ala. 300; Haight v. Moore, 37 N. Y. Sup. Ct. 161; Carleton v. Dustin, 9 Ohio 51, Cent. L. B. 294; Rose v. Mynatt, 7 Yerg. Tenn. 30; Thomas v. Turner, 87 Va. 1, 12; Brock v. Barnes, 40 Barb. 521; Nusan v. Payne, 2 Ves. 200; Dickson v. Bradford, 59 Ala. 581; Waterbury v. City, 68 Tex. 565; Bolton v. Daily, 48 Iowa, 348; State v. Standard Oil Co., 194 Mo. 124; Barrett v. Ball, 101 Mo. App. 288; Morrow v. Pike Co., 189 Mo. 610. (5) The contract sued on having been made after the fiduciary relation had commenced and while it was still in existence did not relieve plaintiffs from alleging and proving the performance of the contract and that the amount demanded for their services was reasonable and just. (6) Upon the whole record the judgment below should be reversed. Shinn on Garnishment,—Ed. 906; Geist v. City of St. Louis, 156 Mo. 643; Martn et. al. v. Michael et. al., 23 Mo. 50; Bank of Odessa v. Barnett et al., 98 Mo. App. 477; Paddock-Hawley Iron Co. v. McDonald et al., 61 Mo. App. 559; Pendleton v. Perkins, 49 Mo. 569; 20 Cyc. 993; Coleman v. The American Fire Ins. Co., 74 Mo. App. 663; Johnson v. Geneva Pub. Co., 122 Mo. 102; Potter v. The Conqueror Trust Co., 95 Mo. 113; Birtwhistle v. Woodward, 95 Mo. 113; Heaton v. Dickson, 153 Mo. App. 312. (7) The defendant, Stearns, was entitled to a trial by jury as a matter of law and the refusal of the

court to grant him such trial was error for which the judgment should be reversed. Constitution of Mo., sec. 28, art. 11; Minor v. Burton, 228 Mo. 558; Kansas City v. Smith, 238 Mo. 323; Froein v. Poage, 231 Mo. 82. (8) Under the allegations of the petition plaintiffs were not entitled in any event to recover more than $3,000 and interest.

*Albert D. Nortoni* for respondents.

(1) Defendant's demurrer was and is waived by answering over. Hubbard v. Slavens, 218 Mo. 598; Paddock v. Somes, 102 Mo. 226; Rogers v. Western Home Ins. Co., 93 Mo. App. 24; Hurst v. City of Ash Grove, 96 Mo. 168. (2) Defendant's motion to require the petition to be made more definite and certain was and is waived by answering over. Thompson v. Stearns, 197 Mo. App. 344; Eweing v. Vernon Co., 216 Mo. 681; White v. St. Louis, etc., R. R. Co., 202 Mo. 539. (3) The bill states a cause of action in equity as in equitable garnishment. The following authorities are directly in point: Pendleton v. Perkins, 49 Mo. 565; Humphres v. Atlantic Milling Co., 98 Mo. 542; Webb & Co. v. Midway Lumber Co., 68 Mo. App. 546; Heaton v. Dickson & Trust Co., 153 Mo. App. 312; 5 Am. & Eng. Enc. of Law, 523. (4) That property held in trust for the benefit of another is not subject to attachment, garnishment or execution at law, is not open to question, for the reason the trustee holds the legal title and the beneficial use is an equitable interest, and, therefore, the home of the trust is in equity. This alone, without the non-residence of Stearns, would be sufficient to sustain this bill. In such circumstances the equitable interest of the debtor can only be reached by a bill in equity in the nature of an equitable garnishment. Pickens v. Darris, 20 Mo. App. 1; McIlvain v. Smith, 42 Mo .45; Lackland v. Garesche, 56 Mo. 267; Lackland v. Smith, 5 Mo. App. 153; Drake on Attachments, section 487; 5 Enc. Plead & Pract., 454, also 439. (5) The evidence not being brought up in

the bill of exceptions, it will be presumed on appeal that such evidence supports the bill and every finding of fact set forth. Pendleton v. Hubbard, 231 Mo. 314. (6) There is no right of trial by jury in equitable causes as a matter of right, in the first instance, as in cases at law. Ellis v. Kruetzinger, 31 Mo. 432; Weil v. Kume, 49 Mo. 158; Grand Lodge v. Elsner, 26 Mo. App. 112; Pendleton v. Hubbard, 231 Mo. 314. "And the fact that the suit is for a money judgment does not change the rule," says the court in Weil v. Kume, 49 Mo. 158. Grand Lodge v. Elsner, 26 Mo. App. 112. (7) The bill states a cause of action in equity and the question now raised against it is *res adjudicata,* in that it was expressly decided by the St. Louis Court of Appeals, a court of competent jurisdiction, on this indentical bill between these same parties, in this same case, and that judgment has long since become conclusive. This is not an appeal from that court and it was a competent tribunal to decide that question. Knisely v. Leathe, 178 S. W. 453; Thompson v. Stearns, 197 Mo. App. 344; Finer v. Nichols, 175 Mo. App. 525; Little v. McAdams, 38 Mo. App. 187. (8) Although the cause of action be defectively stated and a material fact which should have been stated therein is omitted, nevertheless, after judgment, the bill will be sustained if by gathering and utilizing all of the intendments, implications and reasonable inferences which the facts stated afford, a cause of action may be made out. Thompson v. Stearns, 197 Mo. App. 344; Peoples Bank v. Scalzo, 127 Mo. 164; Thomasson v. Mercantile Ins. Co., 217 Mo. 485; Thomasson v. Mercantile Ins. Co., 114 Mo. App. 109; Murphy v. Ins. Co., 70 Mo. App. 78; Salmon Falls Bank v. Leiper, 116 Mo. 51; Hurst v. City of Ash Grove, 96 Mo. 168; Finer v. Nichols, 175 Mo. App. 525; Munchow v. Munchow, 96 Mo. App. 553; Secs. 1550, 1551, 1276 and 1513, R. S. 1919. (9) The Statute of Jeofails, sec. 1550, Revised Statutes of 1919, expressly provides that no judgment shall be reversed: "Eighth, for the want of any allegation or averment on account of which omission a demurrer could have been

maintained.'' Also, no judgment shall be reversed:
''Ninth, for omitting any allegation or averment without
proving which the triers of the issue ought not to have
given such a verdict.'' (a) Under the eight and ninth
provisions last above referred to of this statute, section
1550, R. S. 1919, it is always held that a defect such as
that above referred to is cured after judgment as is
contemplated by the statute, the doctrine resting upon
the presumption ''that plaintiff proved on the trial the
facts imperfectly alleged, the existence of which was es-
sential to his recovery.'' Thomasson v. Mercantile Ins.,
Co., 217 Mo. 485; Thomasson v. Mercantile Ins Co.,
114 Mo. App. 109; People Bank v. Scalzo, 227 Mo.
164; Heman v. Allen, 156 Mo. 534; Thompson v. Stearns,
197 Mo. App. 344. (10) It is the established law that
when the full performance on the part of the attorney
at law of his contract is prevented by the act of his client,
as here, the law treats the partial performance as full
performance and fixes the attorneys' compensation at
the contract price of the hypothesis of such full per-
formance. The authorities are directly in point and
conclusive on this question. See Kersey v. Garton, 77
Mo. 645; McElhinney v. Kline, 6 Mo. App. 94; Hunt v.
Test, 8 Ala. 713; Reynolds v. Clark County, 162 Mo. 680;
State ex rel. v. Butler County, 164 Mo. 214; McCall v.
Atchley, 256 Mo. 39; 4 Cyc. 948.

NIPPER, C.—This action was instituted in the Cir-
cuit Court of the city of St. Louis, on the eighth day of
December, 1913, by William B. Thompson and Ford W.
Thompson, attorneys, against the defendants, in which
they seek to collect an attorney's fee alleged to be due
them as co-partners. This is the second appearance of
this case here. On the first trial there was a decree en-
tered in favor of plaintiffs for $3153, which amount was
declared a lien upon the equitable interest of defendant
Stearns, and the property held by Garneau as trustee to
the use of Stearns. From this judgment both parties
appealed. [See Thompson v. Stearns, 197 Mo. App. 344,
195 S. W. 43.]

On the former appeal the cause was reversed and remanded.

On March 4, 1918, after the cause had been remanded, defendant Stearns filed a motion for trial by jury, on the theory that the suit was one at law. This motion was overruled. On March fourteenth following Stearns filed an amended answer, and on the same date filed a motion to take the opinion of the jury in aid of the chancellor. On October 19, 1919, the court tried the case with the aid of this jury, and submitted the issues of fact:

First, whether or not plaintiffs had agreed, prior to March, 1913, to perform the services for $1000, which question was answered in the negative by the jury.

Second, what was the reasonable value of the services rendered by plaintiffs? To this question the jury answered $5000.

On December fifteenth following there was a trial by the court, and the finding and decree was for plaintiffs for $4000 with interest, and declaring the same an equitable lien against Stearns' interest in the property described in the petition. From this judgment defendant Stearns appeals. The evidence is not brought up in the bill of exceptions.

The appeal was allowed to the Supreme Court, defendant having alleged in the motion for new trial that he was entitled to a jury trial, and to deny him such was in violation of certain provisions of the Constitution. Upon motion of plaintiffs, the cause was transferred to this court.

It is urged by appellant here: (1) That the petition does not state a cause of action, because it does not allege that plaintiffs performed their part of the contract sued on; (2) that the decree is excessive.

The petition is a lengthy one, and we will not set it out in detail. In substance, however, it alleges that plaintiffs were co-partners engaged in the practice of law, in the city of St. Louis, Missouri; that prior to the fifteenth of March, 1913, at the request of defendant

Stearns, they rendered and performed for him certain legal services; that Stearns, as well as defendant Rath, is a non-resident of the State of Missouri; that such services were rendered in connection with the property and assets of the Banner Rubber Company, in which the defendants Stearns and Rath were stockholders; that on the above-named date all the property of the Banner Rubber Company was conveyed to the defendant Garneau as trustee; that on the next day after said conveyance, defendant Stearns agreed with plaintiffs, in consideration of the services rendered to that date, and to be rendered on the final distribution of his interests after the sale of the property by the trustee, to pay plaintiffs the sum of $4800 (defendant Stearns having previously paid them $200), the sum of $800 forthwith, and the further sum of $3000 on the 14th day of September, 1913 (that being the date on which the said trustee was required to sell the real estate, buildings, and machinery of the Banner Rubber Company), and the further sum of $1000 in the event the property conveyed to the trustee should sell for as much as the sum of $150,000 at the said sale.

Plaintiffs state that defendant Stearns has paid them the said sum of $800. Plaintiffs further state that on the fourteenth day of September, 1913, there was due and owing them the sum of $3000 under said agreement, which Stearns refused to pay. Plaintiffs also allege that on the fourteenth day of March, 1913, the Banner Rubber Company, by a unanimous vote of its stockholders, conveyed to Garneau as trustee, certain real estate in the city of St. Louis, which is described in the petition, together with all buildings, machinery, etc., located thereon. The petition then sets out the conditions in the trust agreement, whereby it was provided that the trustee was to sell the real estate, buildings, machinery, etc., at public vendue, on the fourteenth day of September, 1913. It is unnecessary to set out other provisions in the trust agreement. It is alleged, however, that after the property was advertised

for sale, the defendant Stearns filed a suit against the trustee asking for his removal; and, upon the trial of said cause, the restraining order was vacated and dissolved.

Plaintiffs asked for an equitable lien on the property in the possession of the trustee in which defendant Stearns has an equitable interest, and alleging also that Stearns has no other property as assets in this state which is subject to attachment.

The prayer of the petition asks for judgment for $4000. Defendant Stearns, who is the only defendant appealing, urges that his original demurrer should have been sustained. However, he did not stand upon his demurrer but answered over, and, under such circumstances, we must treat the petition, when its sufficiency is challenged, as if no demurrer had been filed; and it will be regarded sufficient after judgment, if, after allowing all reasonable implications and intendments in its favor, there appears to be a sufficient statement to apprise the defendant with reasonable certainty of the character of the action and the issues he must meet. [Heckfuss v. American Packing Co., Mo. App., 224 S. W. 99; Wyler v. Ratican, 150 Mo. App. 474, 131 S. W. 155; Spillane v. Mo. Pac. Ry. Co., 111 Mo. 555, l. c. 562, 20 S. W. 293.] Therefore, the only objections to the petition which may be considered are that it states no cause of action, or, that the court had no jurisdiction of the subject matter.

A party suing for breach of contract must allege and prove performance of all conditions precedent, or he must allege and prove excuse for their non-performance. [Cement Co. v. Ullmann, 159 Mo. App. 235, l. c. 254, 140 S. W. 620.]

It is also true that if plaintiffs were prevented by their client, without fault on their part, from completing their employment, they would be entitled to recover as if the contract had been fully performed. [Kersey v. Garton, 77 Mo. 645.]

While this petition does not specifically allege that plaintiffs performed all conditions precedent, we think by allowing all reasonable implications and intendments in its favor, it does state facts showing the reason for plaintiffs' non-performance of all of the terms of the contract. It alleges that, after Stearns had lost his injunction suit and the property was again advertised for sale, to be sold on December 10, 1913, Stearns again prevented the sale by entering into an agreement with other stockholders, by the terms of which a private sale was perfected. We think, after verdict, this is a sufficient allegation showing excuse for plaintiffs' non-performance.

There is no bill of exceptions here showing any evidence adduced at the trial. The pleadings support the judgment, and, therefore, defendant is not entitled to have the judgment reversed. In the absence of the evidence, the presumption is in favor of the correctness of the judgment. [Patterson v. Patterson, 200 Mo. 335, l. c. 347, 98 S. W. 613.]

The Commissioner recommends that the judgment be affirmed.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly affirmed. *Allen, P. J., Becker* and *Daues, JJ.,* concur.