CARLO SCOTTI and Another, as Administrators, etc., of BENEDICTO SCOTTI, Deceased, Appellants, *v.* GEORGE BEHSMANN and Others, Respondents.

*Contributory negligence in a situation of danger — duty of the driver of a vehicle turning a city street corner.*

If a person makes a spasmodic effort to preserve himself in a situation of danger, in which he has been placed without any fault or negligence upon his own part, the fact that he does not do exactly the right thing in order to avoid the danger does not make him guilty of contributory negligence.

It is the duty of the driver of a vehicle when turning around a street corner in a city to give the people who are crossing the street some opportunity of escape from a vehicle which they have no reason to suppose is going to interfere with them; he must see that the crosswalks are clear before he turns into the street, and must not ruthlessly ride down any pedestrian who may happen to be pursuing his course along the street into which the driver desires to turn his vehicle.

APPEAL by the plaintiffs, Carlo Scotti and another, as administrators, etc., of Benedicto Scotti, deceased, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 14th day of March, 1894, upon the dismissal of the complaint directed by the court after a trial at the New York Circuit before the court and a jury.

*W. K. Hall,* for the appellants.

*J. A. Hodge, Jr.,* for the respondents.

VAN BRUNT, P. J.:

This action was brought to recover damages for the killing of the deceased by a vehicle belonging to the defendants. The deceased was a boy nine years old ; he was proceeding with others up First avenue in the neighborhood of One Hundred and Third or One Hundred and Fourth streets, and the party desiring to cross the street in their progress along the avenue, the boy went ahead of the rest and was upon the crosswalk crossing the street when some of the others saw a cart coming through the avenue which, without giving any warning, suddenly turned around the corner of One Hundred and Fourth street going on a little trot, the boy being about two or three feet away from the cart. He was called to and started ahead in front of the horses and was struck and killed.

Upon this state of the evidence the court dismissed the complaint. This we think was error. The deceased was going along the avenue and crossing at the crosswalk. He had no reason to anticipate that any vehicle upon the avenue would turn suddenly across the walk without giving any warning. It is claimed, however, that the evidence shows that when the deceased was called to he ran in front of the horses and it was because of this the accident happened. But it is apparent that the vehicle was right upon him when his attention was called to it ; and that this was a spasmodic effort to preserve himself from a situation of danger in which he had been

placed without any fault or negligence upon his own part; and if he did not do exactly the right thing in order to avoid the danger, that does not make him guilty of contributory negligence. It was the duty of the driver of this vehicle when turning around this corner to have given those people who were crossing the street some opportunity of escape from a vehicle which they had no reason to suppose was going to interfere with them. It was the duty of the driver under these circumstances to see that the crosswalks were clear before he turned into the street, and not to ruthlessly ride down any pedestrian who might be happening to be pursuing his course along the avenue at the intersection of the street.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

O'Brien and Follett, JJ., concurred.

Judgment reversed, new trial ordered, with costs to appellant to abide event.