ANNA LOCKWOOD WYLER, by Next Friend, etc., Respondent, v. WILLIAM RATICAN, Appellant.

St. Louis Court of Appeals, October 1, 1910.

1. **PLEADING: Demurrer: Waived by Pleading Over.** By answering over, defendant waives his right for consideration on appeal of a demurrer to the petition.

2. **———: ———: ———: Sufficiency of Petition: How Determined.** Where a demurrer to the petition is waived by answering over, the sufficiency of the petition must be determined as though no demurrer was interposed.

3. **———: Petition: Aider by Verdict.** A petition is sufficient, after verdict and judgment, if, after allowing all reasonable intendments in its favor, it notifies defendant with reasonable certainty of the character of the action and the issues he is called upon to meet.

4. **NEGLIGENCE: Pleading: Petition: Sufficiency.** In an action based on negligence, a petition which describes the act complained of with such reasonable certainty and sufficient clearness as to advise the defendant of the charge he is to meet, and avers generally that such act was negligently done is sufficient.

5. **———: Negligent Driving: Pleading: Petition: Contributory Negligence: Jury Question.** The petition alleged that plaintiff's mother was waiting in a public street to board a street car, when defendant's wagon was driven upon her at a high, dangerous, and negligent rate of speed, to-wit, in excess of ten miles an hour, and that defendant was at the time negligently racing with another wagon at a high and dangerous rate of speed of more than ten miles an hour, and further alleged that as defendant's wagon approached near plaintiff's mother someone hallooed, which, because of want of time to reflect, caused her to step backward in front of the wagon so negligently running, whereby she was killed. *Held*, that

the last averment did not show contributory negligence as a matter of law; that question being for the jury under the circumstances alleged.

6. ———: ———: ———: ———: ———: **Surplusage.** The averment that plaintiff's mother stepped backward, without time to reflect when warned, was surplusage, being a mere detail of the evidence.

7. ———: **Contributory Negligence: Acts in Emergency.** Where a person is suddenly placed in a position of great peril, the law does not require him to exercise that coolness of judgment and presence of mind which, under other circumstances, might attend the conduct of an ordinary prudent person.

8. ———: **Negligent Driving.** It is negligence to race a team on a street, at the rate of ten or twelve miles an hour, in a large city.

9. ———: ———: **Streets and Highways: Use of Streets.** A pedestrian and one driving a wagon have equal rights to the use of the street, and each must exercise ordinary care to prevent injury.

10. ———: ———: ———: ———: **Right of Pedestrian to Assume Driver Will Exercise Ordinary Care.** Where a person goes upon the street for the purpose of boarding a street car, he has the right to assume that the driver of a vehicle will exercise ordinary care for his safety and not drive the team upon him in a race with others, while traveling at the rate of ten miles an hour.

11. ———: ———: ———: ———: **Negligence and Contributory Negligence Usually Jury Questions.** The questions of defendant's negligence and the injured person's contributory negligence in an action for injuries caused by a collision in a public highway are usually for the jury.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule,* Judge.

'AFFIRMED.

*Henry M. Walsh, Johnson, Rule & Allen* and *Loomis C. Johnson* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action, and the demurrer thereto should have been sustained, for any or all of the following reasons: (a) It does not properly allege that

the accident, resulting in the death of plaintiff's mother, was caused by the negligence and carelessness of defendant's agents. Breen v. St. Louis Co-op. Co., 50 Mo. App. 414; Norville v. Railroad, 60 Mo. App. 414; Weller v. Railroad, 120 Mo. 635. (b) It appears from the allegations of the petition, even admitting the sufficiency of the allegations relating to the negligence of defendant's servant, that at the time of the accident, deceased was guilty of such contributory negligence as will preclude a recovery by plaintiff herein. Corcoran v. Railroad, 105 Mo. 402; Meyer v. Railroad, 6 Mo. App. 27; Liberman v. Stanley, 88 N. Y. Supp. 360; Bonner v. O'Meara, 110 N. Y. Supp. 947; Stallman v. Shea, 99 Minn. 422. (2) The court erred in overruling defendant's demurrer to the evidence at the close of plaintiff's case, because (a) It does not appear from the evidence that defendant's servant was negligent in failing to drive carefully, or that he knew, or by the exercise of ordinary care might have known, of deceased's presence in the street; or that at the time the accident occurred defendant's servant was violating any statute of the state or ordinance of the city, such violation directly contributing to cause the accident; or that because of the negligent act of defendant's servant deceased was placed in such a position of supposed imminent danger as would excuse her negligence in stepping in front of an approaching team in attempting to escape such supposed danger. Breen v. St. Louis Co-op. Co., 50 Mo. App. 202; Norville v. Railroad, 60 Mo. App. 414; Perse v. Railroad, 51 Mo. App. 171. (b) It does appear that deceased, if defendant's servant was negligent, was guilty of contributory negligence as a matter of law. Cases cited in point 1 (b), supra. The lower court erred in permitting the witness Reed to testify as to the speed of defendant's horse and wagon without first having qualified in the usual way. Muth, Ex., v. Railroad, 87 Mo. App. 435.

*Floyd W. Brooks* and *Richard F. Ralph* for respondent.

(1) A petition that describes the act complained of with reasonable certainty, that is, with sufficient clearness to advise defendant of the charge he is to meet, and alleges such acts were negligent, is sufficient. Dieter v. Zbaren, 81 Mo. App. 613 (a case as to facts and attack much like the case at bar); Morgan v. Mulhall, 214 Mo. 457. A petition objected to at the trial for the first time will be upheld if it states a cause of action in general terms. Foster v. Railroad, 115 Mo. 177; Benham v. Taylor, 66 Mo. App. 311; Young v. Iron Co., 103 Mo. 327. To drive a wagon in a large city at the rate of ten miles per hour is actionable negligence. Urquhart v. Boutell, 15 Mo. App. 592. To drive recklessly and negligently along a public street, racing in a city, gives a right of action to one injured thereby at common law, and independent of any municipal ordinance. Mittelstadt v. Morrison, 76 Wis. 265; 5 L. R. A. (N. S.), 255, note. (2) One is not guilty of contributory negligence who, in crossing a city street sees a vehicle coming towards him at a high rate of speed, attempts to avoid it by running up the street, instead of toward the sidewalk, and is struck and killed, as under the circumstances there being no time to deliberate, there is no want of care to exercise the best judgment of which one is capable. Canton v. Simpson, 2 App. Div. 561, 38 N. Y. Supp. 13; 19 L. R. A. (N. S.), page 165 (note); Scotti v. Behsman, 30 N. Y. Supp. 990; Dunham Co. v. Daudelin, 41 Ill. App. 175; Wolf Mfg. Co. v. Wilson, 46 Ill. App. 381; Nicholsburg v. Railroad, 32 N. Y. State 130; Gibbons v. Railroad, 26 Atlantic Rep. 417.

NORTONI, J.—This is a suit under the statute for damages alleged to have accrued to plaintiff, a minor child, on account of the wrongful death of her

mother.  Plaintiff recovered and defendant prosecutes the appeal.

Plaintiff's mother, with a companion, was in Morgan street at the crossing of Twenty-third street, both of which are public thoroughfares in St. Louis, awaiting the approach of a street car, when she was run upon and killed by defendant's wagon and team in charge of his servant.

After necessary formal matters, the petition avers, substantially, that plaintiff's mother was in such public street, waiting to board an east-bound street car when the wagon and team of defendant, in charge of his servant, was driven upon her at a high, dangerous and negligent rate of speed, to-wit, at a rate of speed in excess of ten miles per hour; that defendant's agent in charge of his wagon and animals aforesaid was at the time negligently racing with another wagon drawn by animals in the same direction on Morgan street at a high and dangerous rate of speed of more than ten miles per hour.  It is further averred that as defendant's wagon so negligently driven and while racing at a high rate of speed approached near to plaintiff's mother some one hallooed a warning, which, because of the absence of time for reflection, occasioned plaintiff's mother to step backward in front of the team and wagon so negligently racing whereby she was run upon and killed. There was a demurrer filed to the petition which the court overruled.  Defendant thereafter filed his answer, on which the case was tried.

It is argued, first, that the petition fails to state a cause of action and the demurrer should have been sustained.  On this question, it is sufficient to say that by answering over, defendant waived whatever rights he may have had with respect to further consideration of the demurrer on appeal.  [Ware v. Johnson, 55 Mo. 500; Spillane v. Missouri Pac. R. Co., 111 Mo. 555, 20 S. W. 293.]  The challenge of the petition by demurrer, having been thus waived, its sufficiency must be determined as

though no demurrer was interposed. In thus viewing the petition as after verdict and judgment, it is to be regarded sufficient if, after allowing all reasonable implications and intendments in its favor, there appears sufficient to afford the defendant notice with reasonable certainty of the character of the action and the issues he is called upon to meet. [Munchow v. Munchow, 96 Mo. App. 553, 70 S. W. 386; Thomasson v. Mercantile, etc., Co., 217 Mo. 485, 116 S. W. 1092; s. c. 114 Mo. App. 109, 89 S. W. 564, 1135.] In an action based on negligence, such as this, a petition which describes the act complained of with reasonable certainty and sufficient clearness so as to advise the defendant of the charge he is to meet and avers generally that such act was negligently done is sufficient. [Dieter v. Zbaren, 81 Mo. App. 612.] · The fact that it is averred plaintiff's mother stepped backward in order to obviate the threatened danger because of not having time to reflect when the warning was sounded of its approach is not sufficient to justify the court in declaring as a matter of law the petition discloses on its face plaintiff's mother was guilty of such contributory negligence as to preclude a right of recovery; for, in the circumstances stated, a person of ordinary prudence is likely to do so in the face of impending danger. The question of contributory negligence in such circumstances is for the jury and not to be declared as a matter of law on the face of the pleading. [Scotti v. Behsmann, 30 N. Y. Supp. 990.] It is true in the case last cited the doctrine was declared in respect of a boy of tender years but nevertheless the principle obtains alike with respect to the conduct of adult persons under the stress of circumstances which tend to excitement. The law does not exact of a person suddenly placed in a position of great peril to exercise that coolness of judgment and presence of mind which under other circumstances might attend the conduct of an ordinarily prudent person. [Dunham, etc., v. Daudelin, 41 Ill. App. 175; Canton v. Simpson, 2 App.

Div. N. Y. 561.] Besides, this allegation is surplusage, for it amounts to no more than pleading a detail of evidence and is unnecessary to the charge laid in the petition. The petition is in all respects sufficient to support the judgment and objections thereto will be overruled.

The evidence tends to prove that about seven o'clock in the evening plaintiff's mother and another lady were in the act of crossing Morgan street at the crossing on Twenty-third street, in the city of St. Louis. Both of these streets are public thoroughfares of the city. As they approached the street car track and were just in the act of stopping to board a car, the defendant's heavy wagon and team of horses, driven by his servant, came pell-mell down the grade on Morgan street at a high rate of speed. The testimony is, that defendant's servant was racing with another wagon down grade on the public street at the point in question and that they were traveling at the rate of ten or twelve miles per hour. The companion of plaintiff's mother testified that they looked in either direction for danger as they approached the tracks but observed none, and while they were yet walking but about to stop for the street car, some one hallooed a warning, whereupon, in the excitement of the occasion, plaintiff's mother took a step backward and was run upon and killed by the team and wagon. The same witness also testified that she escaped the danger by stepping in another direction, but plaintiff's mother in her position would nevertheless have been run upon even if she had not stepped backward in an endeavor for safety. There can be no doubt that this testimony tends to prove negligence on the part of defendant; for although no city ordinance was introduced regulating the speed of wagons on the public streets, it is certainly negligence for one to run a race with another on a public thoroughfare of a great city with a wagon and team at a rate of ten or twelve miles per hour. Such conduct is reprehensible when viewed from the standpoint of the rights of others who occupy the thoroughfare. If

authority be necessary for a proposition so obvious, a prior decision of this court to the same effect may be cited. See Urquhart v. Boutell, 15 Mo. App. 592. Both plaintiff's mother and defendant's wagon had an equal right to the use of the street, and, while the law enjoins upon defendant the duty of exercising ordinary care for pedestrians or others rightfully in the thoroughfare, it is true enough that the same obligation rested upon plaintiff's mother as to her own safety. However, in going into the street for the purpose of boarding a car, she had the right to assume that defendant would exercise ordinary care for the safety of herself and others there being and not drive its team upon her in a race with others at a rate of ten miles per hour. The evidence tends to prove that the driver was oblivious to the deceased's position of peril, while her attention was directed toward the approaching car which she intended to board. As before stated, the fact that plaintiff's mother, in the excitement incident to the occasion, without an opportunity for reflection, stepped backward in front of the team upon a warning hallooed by a bystander is not sufficient to charge her with contributory negligence as a matter of law, for beyond doubt she conducted herself in the premises as other ordinarily prudent persons might do under the same circumstances. The law in its exactions with respect to the exercise of ordinary care for one's safety is neither unreasonable nor unjust, but makes allowances for rash conduct under stress of circumstances induced by another's negligence which tend to excite one's judgment or distract attention. [Dunham, etc., Daudelin, 41 Ill. App. 175; Canton v. Simpson, 2 App. Div. N. Y. 561.]

The court very properly declined to direct a verdict for defendant and referred the question of plaintiff's contributory negligence to the jury along with the other issues in the case. As said by this court in Meyer v. Lewis, 43 Mo. App. 417, 418:

150 App.—31

"In cases of this kind—collisions upon the highway, where both parties have a right to be—there is generally a fair question for a jury, both on the question of the negligence of the defendant and the contributory negligence of the plaintiff."

Indeed, after having read all of the testimony, we have been unable to discover anything indicating carelessness on the part of plaintiff's mother, that is, the want of such care as an ordinarily prudent person would exercise in the same situation, and the verdict of the jury to the effect that she was duly careful for her own safety in the circumstances of the case is abundantly supported by the proof. The judgment was for the right party and should be affirmed. It is so ordered. All concur.