SARAH DRISCOLL, By Next Friend, Respondent, v. E. H. NELSON, Appellant.

St. Louis Court of Appeals, November 3, 1914.

1. **MUNICIPAL CORPORATIONS: Charter of St. Louis' Prospective Operation: Effect.** Sec. 13 of Art. 3 of the Charter of the city of St. Louis, providing that "no bill . . . shall contain more than one subject, which shall be clearly expressed in its title," operates prospectively only, and hence does not invalidate an ordinance, passed before it became effective, which contains more than one subject not clearly expressed in its title.

2. **NEGLIGENCE: Negligent Driving: Injury to Pedestrian: Contributory Negligence.** In an action for injuries sustained by

a pedestrian by being struck by a wagon at a street crossing, it was shown that plaintiff looked both ways before going into the street, and saw a wagon approaching from the east; that while standing in the center of the street, to allow the wagon to pass, and while watching this wagon, she was struck by defendant's wagon, which came up from the west, traveling at a high rate of speed. *Held*, that the question of whether plaintiff was guilty of contributory negligence was for the jury.

3. ————: **Contributory Negligence: Acts in Emergency.** The law, in its exactions with respect to the exercise of ordinary care for one's safety, is neither unreasonable nor unjust, but makes some allowance for imprudent conduct under stress of circumstances induced by another's negligence which tend to excite the judgment or distract attention, so that, under such circumstances, even though the injured party does not use the care an ordinarily prudent person would exercise when no sudden danger reveals itself, the question concerning his contributory negligence is nevertheless for the jury.

4. ————: **Negligent Driving: Injury to Pedestrian: Questions for Jury.** Where a pedestrian is injured by being struck by a vehicle on a public highway, the questions of the negligence of the owner of the vehicle and of the contributory negligence of the person injured are generally for the jury.

Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen,* Judge.

AFFIRMED.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.,* for appellant.

(1) The ordinance pleaded in the petition and offered in evidence over defendant's objection, section 1558 of the Revised Code of the city of St. Louis, is void because it offends the charter, which provides that no ordinance shall contain more than one subject and that the subject shall be clearly expressed in the title. Article 3, sec. 13 of the Charter of St. Louis; State ex rel. v. St. Louis, 161 Mo. 371; River Rendering Company v. Behr, 7 Mo. App. 345. (2) The instructions asked by the defendant, directing a verdict

for the defendant, should have been given by the court. The negligence of the plaintiff herself, as shown by her testimony, as well as the testimony of her companion, Catherine Berry, forbade a recovery on her part. Fuller v. Dederick, 54 N. Y. Supp. 593; Lieberman v. Stanley, 88 N. Y. Supp. 360; Mead v. Otto Huber Brewery, 104 N. Y. App. Div. 10; Niosi v. Empire Steam Laundry Co., 117 Cal. 257; Dimuria v. Seattle Transfer Co., 50 Wash. 633; Harris v. Commercial Ice Co., 153 Pa. St. 278; Hensen v. Arthur, 217 Pa. St. 156; Hayes v. Norcross, 162 Mass. 546. (3) Construing the evidence most favorably to the plaintiff, the injury to the plaintiff was the result of the concurring negligence of the plaintiff and the defendant's driver, and this forbade a recovery on the part of the plaintiff. Evans v. Adams Express Co., 122 Ind. 362; Borg v. Spokane Toilet Supply Co., 50 Wash. 204; Douglas v. Faust, 112 La. Ann. 1050.

*Bass & Bass* for respondent.

(1) The ordinance pleaded in the petition and offered in evidence over defendant's objection, section 1558 of the Revised Code of the city of St. Louis for 1907, was in existence and in full force and effect before the adoption of the charter of the city of St. Louis; said ordinance does not and cannot offend or be in conflict with that provision of the charter of the city of St. Louis which provides that no ordinance shall contain more than one subject and that the subject shall clearly be expressed in the title. State ex rel. v. Sutton, 3 Mo. App. 388; State ex rel. v. Finn, 4 Mo. App. 347; State ex rel. v. St. Louis, 174 Mo. 140; Chap. 20, art. 3, sec. 1, Revised Ord. City of St. Louis, 1871 (Pattison); Art. 3, sec. 13, of the Charter of St. Louis; Art. 16, sec. 1, of the Charter of St. Louis; Sec. 1558 of the Revised Code of the City of St. Louis for 1907; River Rendering Co. v. Peter Behr, 7 Mo.

App. 345; River Rendering Co. v. Peter Behr, 77 Mo. 91; Sedalia ex rel. v. Smith, 206 Mo. 346; St. Louis v. Leissing, 190 Mo. 464; St. Louis v. Tiefel, 42 Mo. 578; Duluth v. Krupp, 46 Minn. 435; State v. Wells, 46 Iowa, 662; State v. Cantieny, 34 Minn. 1; Stage Horse Cases, 15 Abbotts Practice Reports (N. Y.), p. 51; People v. Robert Stakes, 1 Wheel. Crim. (N. Y.), 435; State v. Arnold Briggs, 1 Aik. (Vt.), 226; U. S. v. Daniel Jackson, 4 Cranch C. C. (U. S.), 483. (2) Appellant waived right and objection under instruction asked for by him at the close of plaintiff's case. Hilz v. Railroad, 101 Mo. 42; McPherson v. Railroad, 97 Mo. 253; Bowen v. Railroad, 95 Mo. 276. (3) The violation of a city ordinance is negligence .per se. Kellny v. Railroad, 101 Mo. 67; Murray v. Railroad, 101 Mo. 236; Keim v. Railroad, 90 Mo. 314. (4) Negligence and contributory negligence is a question of fact and one for the jury. McNown v. Railroad, 55 Mo. App. 585; Baker v. Railroad, 122 Mo. 533; Frazier v. Railroad, 75 Mo. App. 253. (5) Plaintiff was not bound to anticipate negligence on part of others, but had a right to presume that defendant and others driving upon Chestnut street would obey the law and ordinances. Shamp v. Lambert, 142 Mo. App. 573; Kellny v. Railroad, 101 Mo. 67. (6) The jury was the judge of the evidence and tryer of the facts, and its verdict is conclusive upon the appellate court. Bradford v. Rudolph, 45 Mo. 426. (7) Before the verdict of a jury can be set aside by an appellate court, it should appear that there is no evidence to support it, and that it is the result of passion, prejudice or misconduct of the jury. Mere insufficiency of the evidence in the appellate court is not sufficient. James v. Life Ins. Assn., 148 Mo. 16.

NORTONI, J.—This is a suit for damages accrued to plaintiff through personal injuries received on account of defendant's negligence. Plaintiff recovered and defendant prosecutes the appeal.

It appears that plaintiff was injured while crossing a public street of the city of St. Louis, in that defendant's servant negligently drove a wagon upon her. The suit proceeds under an ordinance of the city purporting to regulate the use of the streets in such circumstances. Section 1558, of article 3, of the Revised Code of St. Louis for 1907 is set forth in the petition and relied upon throughout the case.

The first point made for a reversal of the judgment relates to the validity of this section of the ordinance. It is argued the ordinance is wholly invalid because it offends against section 13, article 3 of the Charter of the city of St. Louis, in that it treats with more than one subject and that subject is not clearly expressed in its title. It is unnecessary to examine and give judgment upon this subject-matter, for it appears the ordinance antedates the Charter by many years. It is true section 13, article 3 of the Charter provides "No bill . . . shall contain r ore than one subject, which shall be clearly expressed in its title." But this provision of the Charter is prospective in character and not retroactive. [See River Rendering Co. v. Behr, 7 Mo. App. 345, 351.] The Charter of the city of St. Louis was adopted at an election held for that purpose on August 22, 1876, and it became effective sixty days thereafter, or on October 22, of the same year. [See State ex rel. Beach v. Finn, 4 Mo. App. 347.] It appears that the ordinance involved here antedates by many years the adoption of the Charter, and it has obtained ever since, being carried forward into the various revisions. Section 1558, according to the revisior of 1907, which is relied upon, is to be found among the ordinances of the city in the same language and from as early as 1871. [See Revised Ordinances, city of St. Louis, Pattison, section 1, article 3.] This being true, it is obvious the point made against its validity in that it offends against the Charter adopted several years after its passage is without merit, for

the Charter provision relied upon relates to bills and ordinances introduced and acted upon subsequent to the adoption of the Charter.

What has been said disposes of defendant's argument touching the sufficiency of the instructions as well.

It is argued the court should have directed a verdict for defendant because of plaintiff's contributory negligence, but we are not so persuaded. It appears that the plaintiff, a young girl, was going to her work about 7:45 in the morning. She was walking north on the east side of Fifteenth street, and, at the crossing for pedestrians at Chestnut street, she says she looked both east and west for wagons which might interfere with her passage across. She observed one going to the eastward, and, in company with her companion, walked into the street, but tarried a moment about the center for the wagon going west to pass. The evidence is that, at this time, defendant's horse and wagon came from the westward at a high rate of speed. The witness Murphy says the horse was on a gallop at the time and the police officer says the wagon went around several wagons and that it was going at pretty high speed. While plaintiff for the moment had her eye on the wagon going to the westward, with a view of keeping free from injury by it, she was run upon by defendant's horse and wagon coming from the westward. It is entirely clear that on these facts the question of her negligence was one for the jury. The evidence tends to prove that the dangerous situation was suddenly revealed as the approaching horse and wagon came on a gallop from the westward and darted around other wagons near by. The law, in its exactions with respect to the exercise of ordinary care for one's safety, is neither unreasonable nor unjust, but makes some allowance for imprudent conduct under stress of circumstances induced by another's negligence, which

tend to excite the judgment or distract attention. Even if plaintiff did not use that degree of care which an ordinarily prudent person would exercise when no sudden danger revealed itself, the issue with respect to, that matter was one for the jury. Indeed, as has been heretofore said by this court, that in cases of this kind —collisions upon the highway—where both parties have a right to be, there is generally a fair question for the jury, both on the question of the negligence of defendant and the contributory negligence of plaintiff. [See Wyler v. Ratican, 150 Mo. App. 474, 131 S. W. 155; Meyer v. Lewis, 43 Mo. App. 417.] It is clear enough plaintiff's conduct was a question for the jury in this case.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.