Davis v. Luster.

LUTHER M. DAVIS, Respondent *vs.* RHODA M. LUSTER, Appellant.

1. *Equity—Action to set aside conveyance for duress—Allegations, sufficiency of.* —In suit in equity to set aside a deed of plaintiff for alleged threats made to him to prosecute his brother for adultery, unless the conveyance were made, where it is not alleged that his brother was innocent of the crime, or that such prosecution would be unlawful, no foundation is laid for the relief sought. Nor will it be afforded, although it is alleged that such declarations are coupled with threats to stir up a mob and hang his brother, where plaintiff does not lay the foundation for separate relief by alleging plaintiff's belief that his failure to execute the deed would result in the carrying out of the latter threats.

2. *Contracts—Moral duress—Relief in equity.*—Where contracts are made in consequence of fraudulent advantage taken of the affections or sensibilities of a party, or under the influence of threats or apprehensions—although not amounting to legal duress, equity will grant relief.

*Appeal from Jasper Court of Common Pleas.*

*W. H. Phelps*, for Appellant, cited: Pars. Cont., 392.

*Lay & Belch*, for Respondent, cited: 1 Bouv. Law Dic. 454 ; 7 Wall. 214 ; Chit. Cont. 217 ; Greenl. Ev. 283 ; 16 Ves. 156 ; 1 Ves. Jr. 22 ; 9 Penn. 14 : 27 Penn. 22 ; 11 Mass. 318 ; 13 Mass. 371 ; Forshay vs. Furguson, 5 Hill. 158 ; Central Bank vs. Copeland, 18 Md. 317 ; Edie vs. Shannon, 26 N. Y. 12 ; 1. Sto. Eq. Juris. [9th ed.] 239 ; Harmony vs. Bingham, 12 N. Y. 99, 229 ; Fleetwood vs. City of N. Y., 2 Sandf. 475 ; Tutt vs. Id., 3 Blatch. 250 ; Aster vs. Reynolds, 2 Strange, 9, 915 ; Brown vs. Peck, 2 Wis. 277 ; Oates vs. Hudson, 5 Eng. Law & Eq. 469 ; 2 Inst. 482 ; 2 Roll. Abr. 124 ; Richardson vs. Duncan, 3 N. H. 508 ; Watkins vs. Bird, 6 Mass. 511 ; Huguenin vs. Baseley, 3 Lead. Cas. Eq. 94 ; Tapley vs. Tapley, 10 Minn. 448 ; 1 Pars. Cont 319, 392 ; 33 Mo. 412 ; 59 Mo. 124 ; 10 Allen, 76 ; Wagn. Stat. 1036.

HOUGH, Judge, delivered the opinion of the court.

This was a suit to set aside a conveyance made by the plaintiff to the defendant, of a lot in the town of Joplin.

The circumstances attending and superinducing the execution of the conveyance, and which are relied on to obtain the relief sought, are thus stated in the petition: " that on said 29th day

of August, 1873, defendant, intending to cheat and defraud plaintiff, procured plaintiff to make and plaintiff did make a deed of conveyance of said real estate to defendant ; that defendant and other persons acting with her and aiding and assisting her, threatened to charge plaintiff's brother, G. H. Davis, with having committed adultery with defendant, and said other persons would prosecute plaintiff's brother for said alleged offense and that they would stir up a mob and hang plaintiff's brother if plaintiff did not deed said real estate to defendant ; that plaintiff, fearing that defendant and said other persons aiding her, would carry their threats into execution, and bring plaintiff and his said brother into disgrace, or that they would carry their threats of violence into execution, and do this plaintiff and his said brother the injury threatened, was compelled against his will, by said threats, to execute and deliver to defendant said deed of conveyance ; that said deed of conveyance was executed by plaintiff without any consideration whatever but through the fear aforesaid."

The defendant failed to plead in time, and the court entered judgment for the plaintiff, for want of an answer, which judgment it refused to set aside. The only question to be determined, as the case is now presented, is, whether the foregoing extract from the petition stated sufficient grounds for avoiding the deed.

That a contract or conveyance made under compulsion, amounting to duress, may be set aside in equity, is not controverted by the defendant. But it is insisted on her behalf, that the threats recited in the petition were not sufficient to constitute legal duress, and therefore the relief sought for should be denied.

Duress is divided at common law into two classes, duress *per minas* and duress of imprisonment. Duress *per minas* is confined to fear of loss of life or of limb, fear of mayhem and fear of unlawful imprisonment. Duress of imprisonment is well defined in Richardson vs. Duncan (3 N. H. 508), as an arrest for improper purposes without a just cause, or an arrest for a just cause but without lawful authority, or an arrest for a just cause and under lawful authority for unlawful purposes. This latter

class need not be referred to again, as it has no relation whatever to the case at·bar.

While the rigidity of the common law rule as to duress *per minas* has been somewhat relaxed in this country, and the common law definition has been extended by some decisions so as to include fear of a mere battery, or of the destruction of goods, we know of no case in which it has been held to include a threat of lawful prosecution.

Another rule on this subject, announced by some authors and in some adjudged cases, is, that the duress which will avoid a contract must be offered to the party who seeks to take advantage of it. But as early as the year 1609, it was said in the case of Baylie vs. Sir Henry Clair "that the husband may avoid his deed that he hath sealed by the duress of imprisonment of his wife or son."

In M'Clintock vs. Cummins (3 McLean) it was said : "The father and son may each avoid his obligation by duress of the other, and so a husband may avoid his deed by duress of his wife."

In the present case the threats were not made *against* the plaintiff, but only *to* the plaintiff and against his brother, and in this respect it differs from all the cases we have examined involving the question of legal duress. But it has long been the habit of courts of equity to relieve parties from contracts made under the influence of threats, or of apprehensions not amounting to legal duress. Where a fraudulent advantage has been taken of the fears, the affections or the sensibilities of a party, equity will grant relief. Judge Story says that circumstances of extreme necessity and distress of a party, though not accompanied by any direct restraint or duress, may so entirely overcome his free agency as to justify the court in setting aside a contract made by him on·account of some oppression or fraudulent advantage or imposition attendant upon it. In such case he has no free will, but stands *in vinculis*. (2 Sto. Eq. § 239.)

When there is such compulsion or moral duress there is, in the eye of the law, no consent, for the consent that binds must be voluntary. And we can see no good reason why, when such a

state of mind ensues upon the prosecution or oppression of a brother, and a conveyance or other written obligation or contract is thereby extorted, relief should not as readily be granted as it would be when the conveyance or contract sought to be avoided had been extorted from either father or son by the duress of the other. But circumstances of oppression or imposition should clearly appear, and not simply a case where a party may have purchased immunity for his brother from lawful prosecution.

We do not feel entirely willing to declare that the plaintiff's situation, as shown by the facts stated, was fully within the rule above laid down. It is nowhere alleged in the petition that the plaintiff's brother was threatened with an unlawful prosecution or unlawful arrest; it is not averred that he was innocent of the crime of adultery. If he had committed that offense, and the plaintiff, to shield him from the threatened punishment, had made the conveyance in question, we do not think he would be entitled to be heard in a court of equity for the avoidance of his deed. The contract being executed by which he had enabled the defendant to compound a misdemeanor, the maxim, *in pari delicto potior est conditio defendentis, et possidentis*, would apply. (Kitchen vs. Greenabaum, 61 Mo. 110.) It is true that it is also charged that his brother's life was threatened, but this mere act, as stated, was not of a present and pressing nature, and the threat of prosecution is so mingled with it in the statement, as the moving cause of the conveyance, that we cannot consider it as a distinct and independent ground of relief. It does not definitely appear that the plaintiff absolutely believed that the threat to raise a mob would be carried into execution if he did not make the conveyance. He states in his petition that he feared they would carry their threats to prosecute into execution, or that they would carry their threats of violence into execution. As the threat to prosecute is insufficient, as stated, to entitle the plaintiff to relief, it should clearly appear that the conveyance was executed through fear of violence to his brother from the mob. This is not positively stated, but on the contrary, it is stated in effect that the plaintiff believed that if they did not stir up the mob they would prosecute his brother. This was not sufficient.

We will reverse the judgment with directions to the court below to allow the plaintiff to amend his petition, and thus save to him whatever rights he may have. Judgment will be entered accordingly. The other judges concur.