MAPLEGREEN REALTY COMPANY, Appellant,
v. MISSISSIPPI VALLEY TRUST COMPANY.

**In Banc, November 27, 1911.**

APPEAL: Matters Reviewable: Evidence Not Preserved. Where the testimony taken before the referee is not preserved by a bill of exceptions, the court cannot review the findings of facts made by the referee, although such finding is accepted by the appellant as a correct statement of the facts; and where there is no material questions raised by appellant's exceptions to the referee's report that do not turn on the probative force of the testimony, the appellate court's only duty is to affirm the judgment.

*Held*, by VALLIANT, C. J., dissenting, that, as the facts, as found by the referee, are admitted by both parties to be true, and as those findings of facts are before the court, there remains only a question of law for consideration, which is whether or not the right judgment has been applied to those facts, and that question the court ought to consider.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor*, Judge.

AFFIRMED.

*Kinealy & Kinealy* for appellant.

*H. S. Priest, E. M. Grossman* and *Jones, Jones, Hocker & Davis* for respondent.

LAMM, J.—This is a cross-appeal by plaintiff in a case between the same parties just decided and reported at page 350 of this report. *Quod vide.* The pleadings, issues and incidents are the same, with this exception: When the referee's report came in accompanied by the evidence his finding was in favor of defendant on sundry items, viz., on the Williamson lot purchase, $360; on Dwyer's, $490; on Hobb's, $300; on Ward's, $390; on Zorn's, $221; on Morris', $300; on Ketterer's, $55; on Zorn's, $62; on Anderson's, $100; on McDonald's, $294; on Berry's, $270; on Weigman's, $350; aggregating between three and four thousand dollars.

Plaintiff filed forty-four exceptions to the referee's report and findings,—among others, the finding pertaining to the lot sales just mentioned. Its exceptions were overruled and it saved an exception to that action of the chancellor. The report of the referee was then confirmed and judgment followed accordingly.

Thereat plaintiff filed its motion for a new trial, wherein it called attention to its claim of error in overruling its exceptions to the referee's report. Its motion for a new trial was overruled and on due steps this appeal followed.

Its bill of exceptions contained the following recital: "The evidence taken before the referee is omitted, because the plaintiff, for the purposes of this appeal, accepts the referee's finding as to the facts."

The report of the referee is sufficiently indicated in the opinion in the former case. In that case we ruled we would not consider the merits of a case in equity where the testimony is not brought up. There is no testimony here and that fact precludes our rehearing of the merits. [Maplegreen Realty Co. v. Mississippi Valley Trust Co., *ante*, p. 350; Pitts v. Pitts, 201 Mo. 356; Guinan v. Donnell, 201 Mo. 173; Patterson v. Patterson, 200 Mo. 335; State ex rel. v. Jarrott, 183 Mo. 204; Rule 7 of this court.]

There are no material questions raised by plaintiff's exceptions to the referee's report which do not turn on the probative force of the testimony. The findings or conclusions of fact by the referee are here, but the testimony, as said, upon which he based those findings is not. Therefore there is nothing here—but a duty to affirm. That duty we perform by ordering affirmance. Let the judgment be affirmed on appellant's appeal.

Coming into Banc the divisional opinion of LAMM, J., is adopted on a rehearing therein.

All concur, except *Valliant, C. J.*, who dissents in a separate opinion filed, in which *Woodson, J.*, concurs in result.

## DISSENTING OPINION.

VALLIANT, C. J.—This case and its companion case have been disposed of on the theory that the merits could not be inquired into because the evidence taken before the referee is not preserved in the record before us, and because it is not assigned for error in the motions for new trials that the court erred in overruling the exceptions to the referee's report. In so ruling this court, in my opinion, has overlooked a very important fact; that is, that on the face of the record before us the facts, as found by the referee, are admitted by both parties to be true, and

therefore, it is only a question of law whether the right judgment has been applied to those facts.

This is not like the cases referred to in the majority opinion which holds that in an equity case, where the appellant complains that the facts found by the chancellor do not justify the judgment rendered, it is incumbent on the appellant to bring up all the evidence in the case, because although the facts found by the chancellor might not justify the judgment, yet there may be other facts in the case, which the evidence would disclose, that would justify it; therefore the respondent is entitled to have all the evidence brought up and considered by this court before the judgment of the trial court is reversed.

But here we have a case in which both sides agree that the findings of facts by the referee are correct and that the only question is as to his conclusions of the law applicable to those facts. It is the same in effect as if the case were submitted for judgment on an agreed statement of facts, or on a special verdict. The referee's report is before us containing all the facts and there is an affirmative admission in both cases that the findings are correct and the only complaint is that the law has been misapplied. The case was referred to the referee to try all the issues and find the facts and report his findings to the court together with the evidence. It is necessary that the evidence should be submitted to the trial court along with the report to enable it to judge as to the correctness of the findings, and if either party is dissatisfied with the rulings of the trial court as to those findings, he may appeal, and if it is an equity case he may bring up the evidence and let the appellate court decide whether the evidence justifies the findings, but when both sides agree that the findings are correct, it leaves nothing for the appellate court to decide except a question of law.

It is argued for the Maplegreen Company that the admission of the correctness of the findings of the referee is applicable to the appeal of that party, but not to the appeal of the other. That, in my judgment, is a very slender technicality, even if it were correct in fact, but I do not think it is correct in fact. We are not dealing with two cases, but with cross-appeals in one case, and to apply the admission to one and refuse to apply it to the other, and so refuse to look into the merits of the case, seems to me to be a sacrifice of the merits to a mere technicality.