# JOHN M. STILLWELL, Appellant, v. OWEN BELL.

Division One, February 28, 1913.

1. **SUIT TO CANCEL DEED AND REGAIN POSSESSION: Deed Upheld: Equity: Instructions.** In an action to cancel a deed and regain possession of the land, a finding which upholds the deed ends the case, and, since that part of the action sounds in equity, instructions have no place in the proceeding.

2. **SUIT TO CANCEL DEED: Defrauding Wife: Her Offenses Condoned: Equity: Unclean Hands.** Equity will not aid one who sues to set aside a deed which he admits was made to defraud his wife; and her offenses against him in respect to the marital relation cannot, after he has condoned them, be asserted in a suit of this kind.

Appeal from Ozark Circuit Court.—*Hon. John T. Moore*, Judge.

AFFIRMED.

*A. H. Buchanan* for appellant.

In trials before the court without a jury the court's theory of the law applicable to the issues is indicated by the declarations of law given and refused. In this case the court overruled defendant's demurrer to plaintiff's evidence and then refused a declaration of law based on plaintiff's evidence. That the weight of evidence was for the court to determine is not questioned. One or the other was wrong and the case was tried on the wrong theory and therefore should be remanded. Cunningham v. Snow, 82 Mo. 587; Suddarth v. Robertson, 118 Mo. 286; Dallorhide v. Mabory, 125 Mo. 197; Mauch v. Hornback, 109 Mo. App. 624; Butler County v. Bank, 143 Mo. 13.

*G. W. Boone* and *Thornberry & Luna* for respondent.

(1) The petition of the appellant and the proof introduced in support of it is not a ground for setting aside the deed for the reason that the appellant seeks to set aside the deed through his own fraudulent conduct. Henderson v. Henderson, 13 Mo. 151. The conveyance is binding and valid between the appellant and respondent. Jacob v. Smith, 89 Mo. 673; Stevenson v. Edwards, 98 Mo. 622; Denney v. Kile, 16 Mo. 450. (2) Even if it is true that the wife of the appellant had been guilty of adultery before the marriage, the offense was condoned by his cohabitation with her. (3) Appellant should not be permitted to take advantage of his own fraudulent transaction by coming into a court of equity and asking relief which if granted would certainly destroy the great principles

underlying the whole system of equity.   Heady v.
Crouse, 203 Mo. 100.   (4) This being a case in equity,
declarations of law had no place in the proceedings.
Schibel v. Merrill, 185 Mo. 534; Hefernan v. Weir, 99
Mo. App. 301.

BLAIR, C.—This is an appeal from a judgment
for defendant in the circuit court of Ozark county in a
suit to cancel a deed and for possession of one hun-
dred and twenty acres of land.   In 1900 plaintiff and
his wife executed a general warranty deed by which
they conveyed to defendant the land in question for a
recited consideration of one hundred and fifty dollars.
Plaintiff's testimony was to the effect that he acquired
the land in 1894 and some time thereafter was arrested
on the charge of seducing Dorcas Royal and while un-
der arrest married her to avoid prosecution, and,
though his wife disclosed to him her father was re-
sponsible for her condition, he lived with her for some
five months.   Plaintiff testified that the deed to de-
fendant was made pursuant to a suggestion by the
latter that the only way for plaintiff to keep the land
was to convey it to some friend, get a divorce, and
then have the land reconveyed.   With this in view
plaintiff says he made the deed to defendant, the lat-
ter agreeing to reconvey when plaintiff "was free"
and requested a reconveyance.   Plaintiff had resumed
his marital relation and was living with his wife when
the deed to defendant was executed and she joined in
the deed.   Thereafter the pair moved to Arkansas and
lived together as man and wife.   Finally the wife se-
cured a divorce.   According to plaintiff the deed to
defendant was made for the express purpose of ex-
cluding the wife from any interest in the land, was
without consideration and made with the agreement
mentioned as to reconveyance after divorce.   He ad-
mitted receiving fifty dollars of the purchase price but
declared this a sham payment made to give color to

the transaction and that he returned the money to defendant. There was some evidence defendant had said he had as much right to ''beat·John out of the land as John had to beat his wife out of it.'' Other evidence as to the neighborhood talk and rumors and ex parte declarations of plaintiff was admitted. Defendant testified he bought this land on plaintiff's insistence and paid for it the sum mentioned in the deed. He denied any agreement to reconvey. He had cleared some of the land and improved the place in other ways, had paid all the taxes since the date of the deed, had rented part of the tract for a time to plaintiff and collected the rent from him. The payment of rent is denied by plaintiff, who admits, however, defendant took one third of certain crops raised by him but says defendant said he did so to ''keep down a fuss at home.''

There was evidence that for veracity the reputation of neither party to the suit was good, though plaintiff seems to have been worsted in the interchange.

I. The evidence was all given orally, is brought here in narrative form, and there is nothing in the record to indicate the trial court found against the weight of it. Counsel concedes he is

**Equity: Instructions: Suit to Cancel Deed.** not in a position to question the court's findings as against the weight of the evidence but urges there was error in the refusal of an offered instruction. The finding on the equity count ended the case and it was on the evidence adduced under this count the instruction mentioned was offered. Instructions have no place in proceedings in equity and the refusal of the instruction asked is to be interpreted here as a mere recognition of this rule by the trial court. The cases cited announce the rule in actions at law tried to the court without a jury, but that rule is not applicable in this

case. The judgment might well be affirmed without further comment.

II. Plaintiff has no standing to set aside the deed. His admitted purpose was to defraud his wife of her rights in the land. He had condoned her offenses, if any, and cannot now assert her wrongdoing in a suit of this kind.

Unclean Hands.

He could not have so asserted it in the divorce case after condonation. Having made the deed, according to his own testimony, to defraud her, his hands are unclean and equity will not aid him. The case of Davis v. Luster, 64 Mo. 43, is not in point. The deed there considered was executed under duress.

The judgment is affirmed. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.