CITIZENS BANK OF LANCASTER, By C. E. FRENCH, Commissioner of Finance, v. RAY E. FOGLESONG, ADA FOGLESONG, DELLA FOGLESONG, CHARLES J. FOGLESONG, ARTHUR M. FOGLESONG, MAY V. McCULLOUGH, formerly MAY V. FOGLESONG, MYTRLE D. WEBSTER and THOMAS FOGLESONG, Appellants.—31 S. W. (2d) 778.

Division One, October 14, 1930.

*E. E. Fogle* for appellants.

*Mills & Jayne* for respondent.

FERGUSON, C.—The following summary of facts in this case is based for the most part upon a stipulation or agreed statement of facts entered into by the attorneys for plaintiff and defendants, and which constitutes the major part of the evidence in the case.

Thomas C. Foglesong died June 18, 1912, testate, owning in fee the east half of the west half of Section 27, Township 66, Range 14, in Schuyler County, Missouri, and left surviving him his widow Della Foglesong and six children: Ray E. Foglesong, Charles J. Foglesong, Arthur M. Foglesong, May V. McCullough, formerly May V. Foglesong, Myrtle D. Webster and Thomas Foglesong. The pertinent parts of the will of said Thomas C. Foglesong are:

"2nd. After the payment of my debts as above provided, I will and devise and bequeath all of my property both real and personal to my beloved wife Della M. Foglesong to have and enjoy during the term of her natural life with full power and authority to dispose of such part or all of same as may be necessary for her support and the support of the children mentioned in the next paragraph.

"3rd. Any part of my estate remaining at the death of my wife, I will and bequeath to my children, Ray E. Foglesong, Charles J. Foglesong, Arthur M. Foglesong, May V. Foglesong, and Thomas Foglesong, to share and share alike, subject to the provision of paragraph No. 4.

"4th. I consider that I have helped my daughter Myrtle D. Webster, to an amount equal to a full share of one of my other children, but I desire to give her the sum of forty dollars as the value of a cow, and make no further provision for her."

The will was duly admitted to probate. Since the death of Thomas C. Foglesong, his widow, Della Foglesong, has continuously resided and maintained her home upon the land above described. All of the children have reached the age of majority except Thomas Foglesong and May V. McCullough, who are minors. May V. McCullough has left the home and family of her mother and is living with and supported by her husband. The other minor child, Thomas Foglesong, since the death of his father, has resided with his mother. Arthur M. Foglesong is and for many years has been of unsound mind, and he has continuously resided with and is dependent upon his mother, Della Foglesong, for support. So, we find the family remaining at the parental home is composed of the widowed mother, Della Foglesong, the minor son Thomas, and the mentally defective son, Arthur M. Foglesong. The other children have left the parental home and established their own homes.

In 1921 Ray E. Foglesong and his wife, Ada, executed and delivered their promissory note to the Citizens Bank of Lancaster in the amount of $4,168.07, and the said Della Foglesong signed said note as a joint maker. It appears from the oral testimony,

that prior to the execution of said note the plaintiff bank had been carrying several notes made by Ray Foglesong, and that this note for $4,168.07 represented the aggregate amount of said notes and his total indebtedness to the bank at that time. This note executed by Ray E. Foglesong, Ada Foglesong, his wife, and Della Foglesong was secured by a deed of trust executed by the same parties and conveying the above described land to a trustee for said bank. The entire amount of said loan was paid to, received by and went for the sole use and benefit of Ray E. Foglesong and his wife, Ada. No part of this money was ever paid to or received by Della Foglesong, or went to her use or benefit or for her support or for the support of either of the children who resided with her.

Plaintiff bank became insolvent and the Commissioner of Finance took charge of said bank and began the liquidation of its assets. Plaintiff brings this suit in equity to ascertain and determine the title and respective interests of the parties defendants, in and to the land described in said deed of trust and to foreclose same, and makes the widow and children of Thomas Foglesong, deceased, and Ada, the wife of Ray E. Foglesong defendants. The petition or bill alleges the execution of the note and the deed of trust as security therefor by Ray E. Foglesong and Ada Foglesong, husband and wife, and Della Foglesong; that the whole amount of said note remains due and unpaid; that defendants claim some interest in the land conveyed by said deed of trust and prays the court to ascertain, determine and define the title and interest of the several parties, plaintiff and defendant, in and to said land; that plaintiff have judgment against the said Ray E. Foglesong, Ada Foglesong and Della Foglesong for the amount due on said note; that their equity of redemption in said real estate be foreclosed, and same be sold for the purpose of satisfying said debt.

Defendants' answer, in substance, admits the execution of the note and deed of trust as alleged in the petition, and states that by the will of Thomas C. Foglesong the defendant Della Foglesong took a life estate in the lands conveyed by the deed of trust, with remainder vested in the defendants, Ray E. Foglesong, Charles J. Foglesong, Arthur M. Foglesong, Thomas Foglesong and May V. McCullough, subject, however, to the power given by the will to Della Foglesong to dispose of same for her support and the support of the five children of the testator as named in the will; that the trust deed was not executed by Della Foglesong for the purpose of providing for her support and the support of the five children named, nor was the execution thereof necessary for that purpose, but that same was executed solely as security for the debt of Ray E. Foglesong and prays the court to ascertain, determine, adjudge and define the interest, title and estate, both legal and equitable, of the parties in and to said land. The minor

defendants, May V. McCullough and Thomas Foglesong, and the defendant Arthur M. Foglesong who is of unsound mind, are properly represented by guardian *ad litem.*

The chancellor, by his judgment and decree, holds:

First,—that by his will Thomas C. Foglesong "gave to his widow, defendant, Della Foglesong, a life estate for and during her natural life in and to said land, and the remainder therein, subject to the power of sale hereinafter mentioned, to his children, Ray E. Foglesong, Charles J. Foglesong, Arthur M. Foglesong, May V. Foglesong now May V. McCullough and Thomas Foglesong, one-fifth to each."

Second,—"that in and by said will, in addition to said life estate given to the said Della Foglesong, the said testator gave his said wife, who was named as executrix of said will, authority to dispose of such part or all of said real estate as may be necessary for her support and the support of the above named five children."

Third,—"that the intent and meaning of said will was that said power of sale, so far as the same was intended to be for the support of the children, should continue only during the minority of said children, respectively, while they remained members of the family, that is—resided with their mother, and that as all of said children except Thomas have become of age or left the said home of their mother, the power of sale no longer exists, except as to said Thomas."

Fourth,—"that as to the power of sale given to said widow and executrix for her own support, the right to sell for that purpose was conveyed by the aforesaid deed of trust and thereby extinguished, and that such right to sell for the support of the widow no longer exists."

And, it was thereupon adjudged by the court: .

"That the deed of trust mentioned conveyed to the trustee therein named, the life estate in all of said lands for and during the life of said Della Foglesong, and the undivided one-fifth interest in the remainder therein of the defendant, Ray E. Foglesong, freed from any right of sale thereof for the support of Della Foglesong, subject only to the right of Della Foglesong, executrix, to sell same if necessary for the support of Thomas Foglesong, until he becomes twenty-one years of age, if the same shall become necessary after exhausting for his support the one-fifth share of Thomas Foglesong given him by the will of the said Thomas C. Foglesong, deceased, and provided further that the said Thomas Foglesong shall remain with and as a member of his mother's family until he reached said age of twenty-one years; and that subject to the same right of sale for the support of Thomas Foglesong, and upon the same conditions, the defendants, Charles Foglesong, Arthur M. Foglesong and May V. McCullough, are each the owner of an undivided one-fifth interest in said lands, subject to the life estate during the life of Della Foglesong, and that the defendant, Thomas Foglesong,

is the owner of an undivided one-fifth in said lands subject to the life estate, and with the further right of support out of the other interests as hereinabove defined.''

From the judgment and decree of the chancellor below, the defendants appeal and say that the court erred in finding:

*First*,—that the trust deed was valid and binding on said Della Foglesong otherwise than as to her life estate.

*Second*,—that Ray E. Foglesong's interest in the land could be sold free from the right and power given Della Foglesong by the last will of Thomas C. Foglesong to dispose of same for her support and the support of the children named therein.

*Third*,—that the power vested by the will in Della Foglesong to dispose of the land for her support and the support of the children mentioned in the will, terminated as to each child when he or she attained majority.

Paragraph Two of the will clearly and expressly gives to the widow, Della Foglesong, a life estate in the land in controversy, with the power to dispose of ''such part or all'' of said land as may be necessary for her support and the support of the children named in the third paragraph thereof, and whatever was left at her death, if any, to be equally divided between the five children so named. Such construction of the will in this respect is so well supported by the decisions of this court that we deem it unnecessary to review the authorities here. [Trigg v. Trigg, 192 S. W. 1011; Griffin v. Nicholas, 224 Mo. 275; Guthrie v. Crews, 286 Mo. 438.]

In the case of Trigg v. Trigg, supra, numerous authorities are cited. We therefore approve the first and second excerpts of the decree and judgment of the court *nisi* above quoted, whereby the chancellor held that the will gave to the widow, Della Foglesong, a life estate, with remainder over to the five children named, subject, however, to a power given the widow to dispose of such part or all of said real estate as may be necessary for her support and the support of said children. However, by the fourth excerpt from the decree above quoted, the chancellor holds that the widow, by joining in the execution of the deed of trust thereby exhausted, extinguished and lost the power of disposal given by the will for her own support. We cannot approve this as a correct determination of the legal effect resulting from the widow having joined in the execution of the deed of trust under the circumstances, for the purpose and in the manner, shown by the evidence. This power of disposal, unlimited as it is in duration, could only be exhausted, extinguished or terminated by the exercise thereof, or the death of the donee without having exercised same. As we view the circumstances surrounding the transaction,

the widow did not, in the execution of the deed of trust, invoke the power of disposal given her by the will, nor attempt to act under or by virtue of the authority so conferred, nor was it, we think, so understood by the beneficiaries in the deed of trust at the time, nor is such contention made by respondents in their brief filed herein. Respondents have cited no authorities nor presented any reasoned theory to support the decree. An exercise of the power would convey the fee, yet the decree does not adjudge that the fee passed. There cannot be a valid exercise of the power except for the purpose intended by the donor as shown by the instrument creating the power. [49 C. J. 1269.] A testamentary power of sale or disposal made dependent upon a condition or contingency only becomes operative upon the fulfillment of the condition or the happening of the contingency. Thus, a power to sell when necessary for the support and maintenance of the donee, or another, is contingent upon the existence of such necessity. [Scheidt v. Crecelius, 94 Mo. 322.] And, where the power of disposal is made contingent, as here, that it be necessary for the widow's support, the right to exercise the power then hinges upon the existence at the time of the attempted exercise thereof of a fact, to-wit: that the sale is reasonably necessary for her support. [Griffin v. Nicholas, 224 Mo. 275; Cook v. Higgins, 290 Mo. 402.] There could not be a valid exercise of such a power unless and until the contingency arises and exists. [21 R. C. L. 778.]

The testimony in this case does not show, nor is it claimed that the contingency or the condition precedent upon which a valid exercise of power depended, in fact existed at the time of the execution of the deed of trust, or was the occasion or purpose of its execution.

In the case of Griffin v. Griffin, 141 Ill. 373, a testator devised a life estate in all his real estate to his wife for her use during her natural life, with the right or power to sell the same for her support and maintenance, with remainder to his children or their heirs. Twenty-four years after the testator's death the widow conveyed a part of the land to a son, who thereupon mortgaged it for $1,000, of which $409 was used in paying his mother's debts incurred for purposes other than her support and maintenance, and the balance was applied in the discharge of his own debts. The court held that the widow's deed was not a valid execution of the power of sale, and that it was not within the reasonable contemplation of the power that the land should be sold thereunder for the purpose of paying the debts of the widow incurred for purposes other than her support or maintenance. It is not charged that Della Foglesong made any misrepresentation or by word or act attempted to make any fraudulent or illegal execution of the power of disposal given her under the will, or that the bank was in any manner deceived.

Absent fraud, the purchaser or grantee in a conveyance made in a purported exercise of a power, must satisfy himself of the existence of the power at the time of his purchase and that any condition or contingency attached to its execution has been fulfilled. [Ashbaugh v. Wright, 152 Minn. 57; Griswold v. Perry, 7 Lans. (N. Y.) 98.]

In Griswold v. Perry, supra, the court held that a purchaser of land from the trustee with power given by will to convey only on the happening of an event which is a condition precedent, must ascertain at his peril whether the condition has been fulfilled, and that this is so even though the deed recites performance of the condition. In that case the power conferred by the will was to sell land only in event there should be a deficiency of income for the support of the testator's daughters. The trustee conveyed the land reciting in the deed the condition and the deficiency thereunder. The court held the deed was void, it appearing that in fact no such deficiency existed. Under the facts of this case we conclude that Della Foglesong's conveyance by the deed of trust was not an exercise of the power of disposal for her own support conferred upon her by the will, and that said power has not been exhausted, extinguished or terminated and remains wholly unaffected by said trust deed, just as it was created by the testator as a security for the support of his widow and children, and that it can be invoked and exercised by the widow for that purpose only should the contingency in fact arise or come into existence upon which its valid exercise is made dependent. A power is wholly ineffective until it is exercised; and other rights and interests in the subject-matter of a power are not affected by its mere existence and may vest or take effect subject to the power, even though liable to destruction or divestment upon its execution. [49 C. J. 1277, and cases there cited.]

Della Foglesong is by the will invested with a life estate which she has a right to sell, mortgage or convey. The facts in this case clearly indicate that the execution of the deed of trust in 1921 was not for the purpose of providing for the support of either the widow or the children, but for the sole purpose of securing the individual debt of the son, Ray Foglesong, and that the contingency made by the will a condition precedent to the right and authority to exercise the power did not, in fact, exist. Since the widow was at the time, and at all times since the death of her husband in 1912, invested with and was using and controlling the life estate given her by the will, we think that by the deed of trust she intended to convey and that it must have been so understood by the grantee therein, only her life estate, and that by said deed of trust her life estate and the interest of Ray Foglesong, as a remainderman, passed. Therefore, the purchaser at the foreclosure sale will take the widow's life

estate and any and all interest of Ray Foglesong as a remainderman, subject as aforesaid to the power of sale created by the will. By the third excerpt of the decree, which is above quoted, we find the chancellor holds that the power of disposal for the support of the five children named continues only . during the minority of said children respectively, while they remained members of the family, that is,—reside with the mother, and that as all said children except Thomas, who yet is a minor and resides with his mother, have become of age or have left the home of their mother, the power of disposal for the support of the children no longer exists except as to Thomas. We think that the children, including May V. McCullough a minor, who have left the parental home and who have ceased to reside with the mother as members of her family, no longer come within the benefit of the power of disposal for the support of children. [Bowden v. Laing (60 Eng. Rep. 300), 14 Simons, 113; Staniland v. Staniland, 34 Beavan, 536; Easton v. Demuth, 179 Mo. App. 722.]

In the Bowden case, supra, the testator directed his residuary estate be converted into money, his wife to receive the interest on it for the maintenance of herself and children, and at her death the whole, share and share alike, to go to his children. A daughter married, left her mother's home, and was living with her husband. The question was whether she was entitled to maintenance under her father's will. It was held that when property is given by will to the mother for the maintenance of herself and children, it is intended that she shall maintain the children out of it only so long as they form a part of the family, but when forisfamiliated they lose their right to maintenance and that the daughter's right to maintenance out of the trust fund ceased on her marriage.

The will in the Staniland case provided that the wife be paid the rents and profits from certain real property until the testator's son attained the age of twenty-one years, the wife to maintain and educate the son and two daughters thereout until the son attained the age of twenty-one years, after which the estate was to go to the son and daughters, subject to an annuity to be paid the wife during her life. The son, while a minor, married and ceased to reside with his mother. It was held that he thereby became forisfamiliated and lost all right to be maintained by the mother and was not entitled to a sum of money to maintain himself elsewhere.

In the case of Easton et al. v. Demuth, supra, a testator devised real estate to his son in trust for the son's children "to support and educate them." Five children came within this provision of the will. One of the sons at the age of twenty years left his father's home and thereafter supported himself. Two daughters lived with the father as members of his family until marriage, when they became established in their own homes, and two children, one twenty-

four years of age and one a minor, continued to reside with the father as members of his family. It was held that as to the three children who left the father's household, he was not required to further provide for their support out of the trust fund devised as aforesaid for the support and education of his children, and that the father was only bound by the terms of the trust created by the will to use the income from the property for the support and education of his children so long as they "needed to be educated, and so long as they have their domicile with him and continue members of his family." The word "child" is not the equivalent of minor and when dealing with the relation of parent and child is often applied to persons who have passed their majority, and this is particularly true in respect to wills and intestacy. The chancellor *nisi* held that as the children named in that provision of the will creating a power of disposal for their support attained majority they ceased to longer be within the benefit of the power. We cannot subscribe to this construction of that provision of the will as being correct, nor do we think a fixed rule based solely upon age would be either practicable or equitable in this class of cases. Testator's wife was the first and chief object of his bounty. He gave her a life estate in all his property and the power to dispose of any or all of such property as might be necessary for her own support, also the power of disposal for the support of the children named. We have no doubt the intention of the testator, gathered from the will, was to provide a means, method or resource in the event of necessity to secure the support and maintenance of his wife burdened as she would be with the care and rearing of a number of children. Deprived of his assistance, she became the head of the family with the responsibility of maintaining the home and the family. We think we should look rather to the family relationship than age. The children who remained in the parental home as members of the widow's family and who may, by the circumstances of life or physical or mental affliction, be dependent members of the family, regardless of age, would, we think, come within the provisions of the will creating the power of disposal for the support of children. The testator's son, Arthur M. Foglesong, has attained his majority, and the application of the rule, as laid down by the chancellor *nisi*, based solely upon age, places him outside the benefit of the power regardless of his future necessity and yet the facts herein show that he is of unsound mind, has no property except his interest as a remainderman, and has since the death of his father continuously resided with his mother as a dependent member of her family. We think it is properly assumed that the testator had this very situation in mind. What we have heretofore said about the exercise of the power of disposal given by the will, applies here. To make a valid conveyance under the power, the contingency referred to in the will must actually and

in fact exist at the time, and such conveyance must be made in good faith and be reasonably necessary to meet the contingency. Whether the contingency in fact existed would relate to and could only be determined at the time, if ever, that such conveyance is attempted or made.

The judgment of the circuit court is therefore reversed and the cause is remanded, with directions to enter a decree and judgment in conformity with this opinion; that judgment go against defendants, Ray Foglesong, Ada Foglesong, and Della Foglesong, on said note in the amount as found by the court to be due thereon; that the life estate of Della Foglesong and the interest of Ray Foglesong as a remainderman, in the land described in the deed of trust, be sold to satisfy said debt, subject however to the power given by the will to the widow to dispose of such part or all of said land as may be reasonably necessary for her own support and the support of the children named in the will, and that the term "children" as here used is defined as referring to such of testator's children named in Paragraph Three of the will regardless of age, who reside with the mother as dependent members of her family. *Seddon* and *Ellison, CC.*, concur.

PER CURIAM:—The foregoing opinion of FERGUSON, C., is adopted as the opinion of the court. All of the judges concur.