PRESBYTERIAN ORPHANAGE OF MISSOURI, a Corporation, ANNA FELIX and ANNA CAMP v. MELVILLE D. FITTERLING and LYDIA M. FITTERLING, Appellants.—114 S. W. (2d) 1004.

Division One, April 1, 1938.

300

*A. R. Thompson, Jr.,* and *Charles K. Hackler* for appellants.

*T. C. Owens* and *Russell Garnett* for respondents.

HYDE, C.—This is an action in equity, brought by the Presbyterian Orphanage, to set aside two deeds conveying 324 acres of land in Johnson County. The individual respondents filed an intervening petition asking for the same relief. The trial court entered a decree declaring both deeds void as to only three-fourths interest in the land described. Defendants have appealed.

Defendants bring up only the record proper. The claim of plaintiff (as the Presbyterian Orphanage will be hereinafter designated) to the land described, as shown by its amended petition, is based upon the will (set out in full in its petition) of John Elmer Fitterling, who died December 24, 1932, owning three-fourths interest therein. Paragraph Fourth of this will, which is all that is pertinent here, is as follows: ''I give, devise and bequeath to my beloved brother, May Sylvester Fitterling, all the rest, residue and remainder of my estate, real, personal or mixed, to have, hold and enjoy the rents, issues and profits thereof with full power to sell

and dispose of the same as he may think best without any order of court and whatever portion of my estate may remain after the death of my said brother, May Sylvester Fitterling, I give, devise and bequeath to the Board of Trustees of Elm-wood Presbyterian Home at Farmington, Missouri, to be held by said Board as an endowment fund for said Home, the income from said funds to be used for the maintenance of said Home.'' (Plaintiff was successor of the Home designated.)

The petition is in two counts. The first count sought to set aside a deed to 170 acres of the land made by May Sylvester Fitterling to defendants. Count One states that the testator's named executor failed to qualify, and that defendant Melville D. Fitterling was appointed and qualified as administrator with will annexed on January 9, 1933. The other defendant, Lydia M. Fitterling, was his wife. It also states that testator and his brother, May Sylvester (who owned the other one-fourth interest therein), lived and worked together alone on the land for many years; that defendants (after testator's funeral) ''by persuasion and coercion, compelled May Sylvester Fitterling to go with them to their home and kept him in their home and under their care and control from that date until the date of his death, and he was not permitted to visit or have conversation with other people out of their presence from that time until his death, which occurred in their home on December 20, 1933;'' and that ''May Sylvester Fitterling, at the time of his death, was about 84 years of age, and by reason of old age, was sick and feeble in body and mind, and had been so for a long time prior thereto, and was of unsound mind, and suffering from mental imbecility, mental incapacity and physical debility and was so diseased in body and mind as to be totally incapacitated and incompetent to transact any business whatever.'' Plaintiff further alleged that ''on the 17th day of January, 1933, and just eight days after Melville D. Fitterling had been appointed administrator of the estate of John Elmer Fitterling, . . . by unlawful and undue influence, persuasion, coercion, and by taking advantage of the said May Sylvester Fitterling's weakened and enfeebled condition, unlawfully and fraudulently, and with the intent and design to cheat and defraud this plaintiff, as well as the said May Sylvester Fitterling, . . . said Melville D. Fitterling did unlawfully and fraudulently induce, cause and procure the said May Sylvester Fitterling to execute to him, the said Melville D. Fitterling, administrator aforesaid, and his wife, Lydia M. Fitterling (it was also alleged that she aided in such undue influence), a certain purported warranty deed, *without lawful and valid consideration,* (for) a portion of the real estate mentioned in said will;'' and that ''said deed . . . is and was *without consideration* 'or 'validity and

is insufficient to pass the title to the property thereby intended to be conveyed."

Plaintiff's second count sought to set aside, on the same allegations, a deed made April 10, 1933, describing the remaining 154 acres. An intervening petition was filed by Anna Felix, a sister of the testator and May Sylvester, joined by Anna F. Camp, a daughter of their deceased brother. (They will be hereinafter designated as interveners.) The will gave them no part of the testator's interest in the land, but they claimed May Sylvester's one-fourth interest therein as his only heirs at law; and they made the same allegations, as to the invalidity of the deed from May Sylvester to defendants (because of mental incapacity, fraud and undue influence, and lack of consideration), as were made by plaintiffs, and sought the same relief against the deeds.

Defendants' answer denied the allegations of mental incapacity, fraud and undue influence, and lack of consideration, admitted the will set out in plaintiff's petition, and alleged that by the devise in the will the interest of John Elmer Fitterling "in the lands described in the petition passed to and vested in May Sylvester Fitterling and became his property in fee simple, subject to the payment of debts and legacies." It further alleged that both deeds were made for an adequate consideration; that the consideration of the first deed was defendants' agreement "that they will furnish (grantor) with a home and take care of him, furnish him with necessary medical attention and the necessitites of life for and during the rest of his natural life and upon his death to give him a decent burial and further agree that they will assist their son, Cleo Fitterling, in procuring an education and preparing for the ministry if he so wishes;" and that a part of the consideration of the second deed was the agreement of grantees to "pay all debts and claims against the estate of John Elmer Fitterling, deceased, and faithfully perform all the covenants and agreements in a prior deed from the above grantor to said above named grantees." Plaintiff and interveners jointly filed a reply which denied "each and every allegation of new matter" in the answer. The Federal Land Bank of St. Louis and C. S. Hale, trustee, were also defendants, but they are not parties in this court.

At the June Term, 1936, the court made and filed findings of fact and declarations of law. These cannot be considered here because findings of fact in an equity case are not binding on an appellate court, which hears an appeal therein *de novo* on the evidence (Patterson v. Patterson, 200 Mo. 335, 98 S. W. 613; Maplegreen Realty Co. v. Mississippi Valley Trust Co., 237 Mo. 365, 141 S. W. 625); and because declarations of law have no place in an equity case (Stillwell v. Bell, 248 Mo. 61, 154 S. W. 85; Reaves v.

Pierce (Mo.), 26 S. W. (2d) 611; Moller-Vandenboom Lbr. Co. v. Boudreau (Mo. App.), 85 S. W. (2d) 141). Of course, if we had the evidence, we might defer to some of these findings of fact. [Reaves v. Pierce, supra.]

Later, at the same term, the court entered a decree finding each of said deeds "void as to plaintiff;" but finding "the issues for the defendants and against (interveners);" and finding that interveners "have no right, title or interest in and to any of the lands involved." The court further found "that upon the death of the said May Sylvester Fitterling (plaintiff), became seized of an estate in fee simple to all of the said undivided three-fourths interest of the said John Elmer Fitterling in and to said lands, by, and under the terms of the said will, and that the pretended title attempted to be conveyed to the said undivided three-fourths interest in said land by the said May Sylvester Fitterling to the defendants Melville D. Fitterling and Lydia M. Fitterling, his wife, should be, and is divested out of said Melville D. Fitterling and Lydia M. Fitterling, his wife, and vested in (plaintiff);" that "the reasonable rental value of both tracts of land was, and is of the sum of six hundred dollars per annum;" and that plaintiff "is entitled to recover of and from the defendants, Melville D. Fitterling and Lydia M. Fitterling, three-fourths of said annual rental value from the 1st day of March, 1933, or $450.00 per annum from said date until this date."

The court ordered and decreed that "the undivided three-fourths interest in and to said lands, the title to which was vested in John Elmer Fitterling at the time of his death, be, and hereby is, divested out of the defendants, Melville D. Fitterling and Lydia M. Fitterling, his wife, and be, and hereby is, vested in plaintiff;" that "the undivided one-fourth interest in all the real estate hereinbefore described to which May Sylvester Fitterling had a fee simple title in his own right, and which was conveyed by him at the time of the execution of said deeds which have been declared by this court null and void (as to plaintiff), . . . is hereby declared by the court vested in defendants Melville D. Fitterling and Lydia M. Fitterling, his wife;" that interveners "take nothing herein;" and that plaintiff "have judgment against the defendants, Melville D. Fitterling and Lydia M. Fitterling for their *pro rata* share of the rental value of said premises, or $450.00 per annum from March 1st, 1933, until the date of this judgment." Interveners did not appeal.

Plaintiff has filed a motion to dismiss because no bill of exceptions was filed and allowed and no evidence is contained in the abstract filed, citing Rule 7 of this court. This motion must be overruled because review may be had on the record proper in any case,

but the scope of such review is very limited. "A party in an equity case may, if he sees fit, appeal from the judgment or decree without a bill of exceptions, he may stand on the record proper, but in that event he can only assail the judgment on the ground that it is not supported by the pleadings, he cannot ask a reversal of the judgment on the ground that it is not justified by the (chancellor's) findings of facts." [Patterson v. Patterson, 200 Mo. 335, 98 S. W. 613.]

■ Defendants' first claim (which can be reviewed on the record proper) is that plaintiff's amended petition wholly fails to state a cause of action because it shows on its face that the will gave in fee the interest of John Elmer Fitterling to May Sylvester Fitterling, and that plaintiff could take nothing under the will. Defendants contend that the attempted limitation over in favor of plaintiff is void because the devise of a fee in terms, or by words necessarily describing an absolute estate (which they claim was made in the first part of Paragraph Fourth of the will), cannot be annulled except by later language in the will, which expressly or by necessary implication, arising from words equally as clear and conclusive as those in granting the fee, cuts down the previous grant of the fee, citing Middleton v. Dudding (Mo. en Banc, 1916), 183 S. W. 443, 445; and In re McClelland's Estate (Mo. en Banc, 1924), 257 S. W. 808, and cases therein cited supporting this well-known rule. We hold that this rule is not applicable here because there is no clear devise of a fee in any part of Paragraph Fourth of the will. This devise is all in one sentence and must be construed as a whole to determine the intent of the testator. So considered we think it is clear that it was not the intention of the testator to give an absolute estate to his brother. He gave his brother this property "to have, hold and enjoy *the rents, issues and profits thereof*" (added thereto power "to sell and dispose") but provided that "whatever portion of my estate (meaning the property real, personal or mixed, the rents and profits of which his brother was to have and enjoy) may remain after the death of my said brother" (meaning all of the testator's property as to which the power of disposal had not been exercised), he gave and devised to plaintiff in remainder. In Chapman v. Chapman, 336 Mo. 98, 77 S. W. (2d) 87, this court has recently collated and reviewed the authorities. The rule they establish is that a devise of land, not limited in any way as to duration or enjoyment, with an absolute power of disposition by sale, gift, or otherwise, by deed or will at the pleasure of the devisee, must be construed to give a fee; but that a devise limited to enjoyment of the rents and profits of land, which is followed by a devise of the premises, as the testator's property, after the death of the devisee to whom he gave the right to enjoy the rents and

profits thereof, must be construed to create a life estate in such first devisee. Furthermore, when a life tenant is given a power *"to sell and dispose"* under such a provision, the power must be construed as a power of disposition for a valuable consideration. We, therefore, hold that the interest of May Sylvester Fitterling in the real estate herein involved, was a life estate with a power of disposal during his lifetime by a valid conveyance made for a valuable consideration; and that it did not authorize him to give it away without any consideration.

Defendants further contend (which claim can also be reviewed on the record proper) that the court's decree was not responsive to the issues made by the pleadings and was necessarily based on some theory wholly outside the issues and theory of the case made by the pleadings. If from the facts disclosed by the pleadings there is no theory upon which the result reached would be proper, this contention must be sustained. Even in an equity case "this court is limited to the issues contained in the pleading." [Munford v. Sheldon, 320 Mo. 1077, 9 S. W. (2d) 907.] "The powers of a court of equity are broad, but they are limited to the cause of action and issues made by the pleadings. The power to give relief in addition to that prayed for means relief consistent with the suit tried." [Branner v. Klaber, 330 Mo. 306, 49 S. W. (2d) 169, and cases cited; see, also, Friedel v. Bailey, 329 Mo. 22, 44 S. W. (2d) 9.] Therefore, if, as defendants contend, the sole issues made by the pleadings were that these deeds were not valid deeds, because the grantor did not have sufficient mental capacity to make a deed or because they were the result of fraud and undue influence and not the free will of the grantor, then the deeds could only be entirely valid or wholly invalid. They could not be invalid as to some claimants and valid as to others, when all jointly urged only grounds which if established would make them void for any purpose; and a decree reaching such a result would be inconsistent and self destructive.

Plaintiff, however, contends that, regardless of the issues of mental capacity and undue influence, the power of disposal in the will did not authorize May Sylvester Fitterling to give away the land or to convey it except for a sufficient consideration. Plaintiff did plead that the questioned conveyances were made without any lawful or valid consideration. Of course, this meant that the conveyance of the three-fourths interest, which came to the grantor by the will, was without consideration since that was all plaintiff claimed in its pleadings. Defendants' answer asserted an adequate consideration but these allegations were not admitted and were not self proving. It required evidence to make this proof and the evidence is not here. The result of defendants' failure to bring up the

evidence is "that they are held to admit that (plaintiff) put in competent and sufficient proof below to establish" that the deed was without consideration required to be a valid exercise of the power of disposal given by the will, because now "the facts are not only a sealed book, but are settled against" defendants. [Hubbard v. Slavens, 218 Mo. 598, 117 S. W. 1104.] Even on defendants' statement, the second deed was without valid consideration because there was only another promise to do something defendants had already agreed to do (Wayland v. Pendleton, 337 Mo. 190, 85 S. W. (2d) 492); except as to the promise to pay testator's debts and an administrator is prohibited from acquiring his decedent's property sold for that purpose. [Sec. 162, R. S. 1929.] Moreover, this will directed that "debts and funeral expenses be first paid out of my personal property."

Furthermore, not only is the evidence necessary to review of the propriety of the decree upon the issues of consideration, but it is also material upon the construction to be placed upon the power of disposal granted. In Cook v. Higgins, 290 Mo. 402, 235 S. W. 807, this court construed the words "to sell and dispose of it as she may see fit" (in a power of disposal given to the testator's widow with a life estate) to authorize "only sales or transfers for her personal uses, comfort and enjoyment and did not include gifts by deed or will." In the Cook case, as here, the will did not specifically state that the power was given for support and maintenance, but this court made that construction upon consideration of evidence of the surrounding circumstances. [See 49 C. J. 1260, sec. 34, note 60, C.] Plaintiff criticizes the Cook case, but in Citizens Bank v. Foglesong, 326 Mo. 581, 31 S. W. (2d) 778, this court approved and followed it. [See, also, 49 C. J. 1270-1273, secs. 69-79; 21 R. C. L. 780, sec. 9; 92 A. L. R. 882, note.] In the Foglesong case, there was a power of sale so limited, and there also this court considered evidence of surrounding circumstances to determine the extent of the power. Therefore (as the intent of the testator is not entirely clear) we must also consider that plaintiff had evidence of surrounding circumstances favorable to a construction of the power of disposition which would justify the result reached, namely: that the conveyance made was not one authorized by the power of disposal given by the will because not made for such consideration as it required. This theory was within the issues made by the pleadings and would warrant the result of the decree, because under it the deed would be inoperative as a conveyance of the three-fourths interest, as to which the grantor had a life estate, although it would convey his own one-fourth interest which he owned in fee and could give away. Moreover, the deed would also convey the grantor's life estate. [Citizens Bank v. Foglesong, supra.] Perhaps if we had the

evidence before us we might conclude that defendants agreed to support their grantor in consideration of his life estate and his one-fourth interest. At least we cannot upon this record hold that the decree was not responsive to any issue made by the pleadings. [See, also, Graham v. Stroh, 342 Mo. 686, 117 S. W. (2d) 258.]

Defendants, however, make another contention which must be sustained. That is the portion of the decree, which gives plaintiff judgment for $450 per annum from March 1, 1933, is in any event erroneous. This was for the proportional rental value of the premises. Since defendants' grantor had a life estate in the land, he had the same right to give it away as he did the one-fourth interest which he owned in fee. [Citizens Bank v. Foglesong, supra.] Since the decree can only be justified on the grounds of lack of consideration for the conveyance (and cannot be upheld on mental incapacity or undue influence), it must be held that defendants did get a valid conveyance of the life estate. Therefore, they were entitled to the rents and profits thereof for the year 1933 and plaintiff could have no right thereto or interest therein whatever. This amount is fixed by the decree so that this error can be cured by *remittitur*.

If plaintiff will within ten days enter a *remittitur* for $450 as of the date of judgment, the decree will be affirmed; otherwise the decree will be reversed and the cause remanded. *Ferguson, C.*, absent; *Bradley, C.*, concurs.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur, except *Hays, J.*, absent.